City of Georgetown v. Hambrick.

---

CASE 7.—ACTION BY THE CITY OF GEORGETOWN AGAINST E. M. HAMBRICK TO ENJOIN HER FROM BUILD-ING A SIDEWALK.—November 1.

# City of Georgetown v. Hambrick

Appeal from Scott Circuit Court.

R. L. STOUT, Circuit Judge.

From a judgment of dismissal the plaintiff appeals —Affirmed.

1. Dedication—Streets—Use—Purpose.—Where a street was dedicated for ordinary street purposes, it will be presumed that the parties contemplated it should be used in the usual way, with a carriage way in the center and sidewalks on the side.
2. Municipal Corporations—Streets—Regulation.—While a city council, under its power to regulate and control streets, may fix the width of the carriage way or the sidewalks within reasonable limits, it can not say that the whole street shall be used as a carriage way, and that no part shall be used for sidewalks.

City of Georgetown v. Hambrick.

3. Same—Rights of Abutting Owners.—Where a city council acts arbitrarily in refusing to allow a reasonable space in a street for sidewalks, the abutting owner may compel the setting aside of a reasonable space for sidewalks.

4. Same—Construction of Walks.—In 1388 defendant's husband owned property on a city street in front of which he put down a curb and built for a part of the front a sidewalk four feet wide. The street was in the outskirts of the town and was 30 feet wide. The city council had not by ordinance defined the space in the street to be used as a carriage way or for sidewalk. Defendant in 1906 constructed a pavement four feet wide within the curb for a sidewalk for the entire front of the property. Held, That the city had no right to restrain the construction of such walk.

5. Same—Widening Streets—Remedy of City.—Where a street is too narrow for the increasing public needs if sidewalks are built in it, the city's remedy is to widen the street by taking property for that purpose.

JAMES B. FINNELL, JR., attorney for appellant.

POINTS AND AUTHORITIES CITED.

1. The city council alone has power to cause public ways within the city to be improved, and to determine the extent and character of the improvements, and whether any shall be made at any particular place. (Ky. Stats., sections 3560, 3563, 3568.)

2. Appellee has acquired no rights against the city by lapse of time. (Ky. Stats., section 2546.)

3. City council can not delegate its discretionary power (Advance sheets of Ky. Law Rep., vol. 29, p. 1013, Dec. 1, 1908; City of Bowling Green v. Gaines.)

4. No acceptance of the pavements in controversy should be presumed unless it is clearly shown that they were beneficial to the city and would impose no burdens upon it. (Foot note in Am. and Eng. Ency. of Law, 2 Ed., p. 45, referring to Mann v. Elgin, 24 Ill. App., 419; Willey v. ePople, 36 Ill. App., 612.)

B. M. LEE, attorney for appellee.

The proceedings of the city council are public records, and it must speak only by its records, therefore the best judgment of the best council can avail nothing unless some record is made of the proceedings. There is no pretense here that any ordinance or resolution was ever passed by the council in regard to the

pavement in question. The law was against the plaintiff, and. for this reason the demurrer to the petition should have been sustained.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

About the year 1888, appellee's husband, who then owned property on the south side of Bourbon street, in Georgetown, between Hamilton and Mulberry, put down a curb and built for part of the front a side- walk four feet wide. The street was in the outskirts of the town and was 30 feet wide. He devised the property to appellee, and she began in the year 1906 the construction of a pavement four feet wide within the curb for the entire front of the property. The city council notified her not to build it, and, she de- clining to recognize the notice, it filed this suit to enjoin her building the sidewalk. On final hearing the circuit court dismissed the proceeding, and the city appeals.

The street was dedicated for ordinary street pur- poses, and it must be presumed the parties contem- plated it was to be used in the usual way. In ordinary city streets there is a carriage way in the center and sidewalks on the side. The sidewalks is as necessary as the carriage way, and both are equally within the contemplation of the parties in the dedication. The city council, under its power to regulate and control the streets, may fix the width of the carriage way or the sidewalks, or determine how much space shall be given to each; but it cannot say that the whole street shall be used as a carriage way, and that no part of it shall be used as a sidewalk. The owner of the abutting property is entitled to have a reasonable space for sidewalk, and the council can-

not act arbitrarily. It can determine what is reasonable space, but in so doing it must exercise a fair judgment. If it fails to give a reasonable space for sidewalks, and the proof is such as to show arbitrariness, the property holder is not without remedy.

In this case the city council has not by ordinance defined the space in the street to be used as a carriage way or what may be used as a sidewalk. It does not appear that the sidewalk the defendant is constructing unreasonably interferes with the use of the street. It is within the curb put there in 1888 and is only four feet wde. There is therefore no ground for interference by the chancellor. If, as the evidence tends to show, the street is too narrow for the increasing public needs if sidewalks are built in it, the remedy of the city is to widen the street by condemning property for this purpose if it cannot agree with the owners as to the matter.

Judgment affirmed.