Belknap,
May 4, 1931.

## TILTON *v.* DAVID P. SHARPE.

*Thomas P. Cheney* and *Stanton Owen* (*Mr. Cheney* orally), for the plaintiff.

*Robert W. Upton* and *Laurence I. Duncan* (*Mr. Duncan* orally), for the defendant.

SNOW, J. The defendant contends that he is entitled to an entrance at B because it has been found on the amended record that without it he cannot profitably carry on the business which he proposes to transact. The answer to this contention is that the test of the reasonableness of the proposed use is to be found, not by inquiring whether such use is essential to the profitable transaction of any particular business on his lot, but in answer to the inquiry whether such use would be fraught with such unusual hazard that the danger to the traveling public would be out of proportion to the detriment to the

owner by being deprived of it. The convenience or necessity of the owner constitutes but one side of the question. Upon this, the character of the use and the accessibility of his lot at other points are material factors. For instance, it would be difficult to conceive of a situation where an owner should be deprived of access to his lot by persons on foot at any point on a bounding street however extensive his frontage; on the other hand, if an owner should propose to propel freight or vehicles with great force or speed across a congested sidewalk at grade, such use would be clearly unreasonable even though it was the only accessible entrance to his lot. Between such extremes a great variety of situations may arise in which the relative rights of the owner and the traveling public can be determined by no set rules or formulas, but in which the reasonableness of the proposed use must be determined by weighing its unusual dangers to the public against the inconvenience and disadvantage to the owner arising from its denial. *Tilton* v. *Sharpe*, 84 N. H. 393, 400. "In short, no single factor, no particular right, here controls; but all aspects of the situation must be taken into account . . ." *Tilton* v. *Sharpe*, 84 N. H. 43, 47. It follows that, while the fact that the defendant cannot profitably conduct the business he proposes without an entrance at B is a factor which he has a right to have weighed in support of his contention, it is not determinative of his right.

The defendant correctly asserts that the conclusion of this court on the second transfer, sustaining the finding of the unreasonableness of an entrance at B, was predicated upon the absence of proof that reasonable access may not be had at other points not involving such hazards. He contends that such conclusion is now inapposite because the trial court, by interpretation of the earlier record, has in effect found that he cannot transact his proposed business profitably notwithstanding he is now accorded the right to enter at all other points. This contention appears to be sufficiently answered by what has already been said. Inability to carry on the defendant's proposed business profitably notwithstanding access may be had at other points than B does not prove that reasonable use of his lot may not be had by such access. However, the finding that "reasonable use of the defendant's premises as a filling station would include the right to have automobiles enter . . ." at any point except B on the bounding sidewalks is tantamount to a finding that reasonable access to his lot may be had at other points not involving like hazards, and supplies affirmative proof in support of the conclusion reached in place of the negative assumption on which it was predicated.

The defendant further urges that his right to a dismissal of the plaintiff's bill is warranted solely by the finding, included in the report of the first hearing, that "passways from defendant's premises to Main and School Streets can be used by motor vehicles without unusual hazard or danger if travellers on the streets and sidewalks and the operators of vehicles entering or leaving defendant's premises exercise reasonable care." This argument loses sight of the accompanying finding, "but the use of such passways in the manner proposed would be accompanied with much danger of accident in the absence of such care by either," and the findings made upon all the evidence, namely, that an entrance as proposed "would be accompanied by unusual hazard or danger of accidents to pedestrians and operators of motor vehicles" and "that, in view of all the circumstances the danger of accident would be so great that the proposed use of the property would be unreasonable and would constitute a public nuisance." There is no necessary conflict in the finding relied upon and the conclusion reached. The fact that an unrailed bridge may be negotiated by one using ordinary care is not inconsistent with the conclusion that because of the unusual hazards presented such a construction would be unreasonable. It is not essential that inevitable accident will result from the proposed entrance at B, or that the incident danger could not be avoided by the exercise of reasonable care under the circumstances. It is sufficient that such an entrance would create a situation of such unusual hazard that, in view of the frailty of mankind and the human tendency to be careless, accidents would be so likely to occur that the public should not be exposed to it.

The defendant argues that, giving appropriate weight to his economic necessity, an entrance at B would present no such unusual hazards as to justify its prohibition. This argument contains no feature not advanced on the former transfer, upon a record which was more favorable to him than the present one. After a careful reconsideration, our former decision is affirmed. In addition to the specific grounds adduced by the trial justice and made the basis of our conclusion (84 N. H. 393, at *pp.* 398, 399), judicial notice may well be taken of the fact that the proposed entrance at B, ten feet in width, would necessarily result in throwing into the driveway the corner of the defendant's lot to a depth of approximately seven feet measured on the inside of the two sidewalks. This would constitute an invitation to vehicular traffic leaving School street, bound westerly on Main, to cross the sidewalks of both streets diagonally on a line more than fif-

teen feet northwesterly from their present outer corner. It is manifest that this situation is a material factor tending to support the conclusion that an entrance at B would present unusual perils to pedestrians crossing School street.

The plaintiff's exception to the modified findings presents the sole issue of the sufficiency of the reported facts to support the findings of the reasonableness of entrance at points other than B. The grounds urged in argument are that the enlarged right of entrance on School street will create an unusual hazard by inviting entrance in disregard of the traffic signal at the foot of School street and that the enlarged right to enter from Main street will create a like hazard by inviting the crossing of vehicular traffic in a one way thoroughfare. It is enough to say that such hazards, for reasons apparent in the discussion of the defendant's exception, are not in either case determinative of the unreasonableness of the use, and that they were presumably considered and given proper weight by the trial justice in his finding. The plaintiff's request that the case be reopened for the presentation of further evidence upon these points suggests no grounds therefor, and its denial presents no question of law. P. L., c. 342, s. 1; *Sanford Mfg. Co.* v. *Wiggin*, 14 N. H. 441, 450; *Manchester Amusement Co.* v. *Conn.*, 80 N. H. 455, 460.

The order here must be

*Exceptions of both parties overruled.*

All concurred.