## City of Covington et al. v. Averbeck.

(Decided May 20, 1932.)

118

SAMUEL W. ADAMS and RALPH P. RICH for appellants.

ROBT. C. SIMMONS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing on original and affirming on cross-appeal.

The principal questions presented by this record, and the only ones contested in the cross-appeal, are: (1) The extent and limitation of the power and authority of the city of Covington, Ky., a city of the second class, over its streets and public ways, and (2) whether or not in the undertaking involved in this litigation it transgressed those limitations? The matter involved in the original appeal relates exclusively to the validity of a contract (conceding the power of the city to make it) to improve Second street in the city along its route between Court avenue and Scott boulevard, a distance of about 180 feet, because of alleged defects (hereinafter to be noted) in the assessment of the costs of the improvement as against the abutting property owners, which it is contended renders the assessment invalid and nonenforceable. We will first determine the two questions involved on the cross-appeal and then dispose of the one involved on the original appeal.

Second street in the city of Covington runs east and west, and it intersects Court avenue and Scott boulevard, parallel streets running north and south, and it is the improvement of that portion of Second street traversing the distance between them that constitutes the subject matter of this litigation. That part of Second street is, perhaps, as much as 100 years old. It is 50 feet wide from the property line of abutting owners on either side, and such property is occupied by buildings, many of which are business ones, up to the property lines. For many years (the length of time reaching beyond the memory of the oldest inhabitants) the spaces for the use of pedestrians as sidewalks have been 11 feet wide on either side of that portion of the street, leaving only 28 feet for vehicular traffic. Just prior to the enactment of the ordinance attacked, and which provides for the involved improvement, the state highway commission selected and approved Second street at that point over which to run two of the state highways entering the city of Covington, and connecting with a bridge across the Ohio river leading into the city of Cincinnati, Ohio. In that situation the legislative authority of the city, which consisted of its commissioners (it having adopted the commission form of government), adopted the ordinance providing for the improvement, in the way and manner set out therein, of that portion of Second street connecting Court avenue and Scott boulevard, a part of which was, that the sidewalks on either side thereof should be reduced from 11 feet to one-half their width, or 5½ feet.

Plaintiff and appellee, H. J. Averbeck, owns property on both sides of that street traversing that space. On the north side he owns a building in which he conducts some kind of manufacturing business requiring the use of considerable machinery as well as lumber and other material of considerable length; while on the south side he owns a building 16 feet wide with a basement extending 4 feet above the surface of the sidewalk with stories above it, the floor of the first one being 4 feet above such surface. To reach the first floor, the original constructor of that building, presumably with the permission and consent of the proper governing authorities of the city, erected stone steps immediately adjacent to the wall of the building, about 3 or 3½ feet wide with a lateral entry thereon, and opposite the steps, and under the platform of the same width upon which they land,

are steps going down into the basement. Plaintiff brought this action against the city, and the successful contractor for the work, seeking to enjoin the entire improvement. His pleadings, as finally amended, objected to the narrowing of the sidewalks because (a) it would unlawfully interfere with the business use of the sidewalks and especially in front of his property on the north side of the street, since it would unreasonably interfere with his right of ingress and egress into and from his factory with material and the exit therefrom of the manufactured product; (b) that such narrowing would bring the street traffic to within 5½ feet of the doors and windows of residence buildings abutting thereon in the manner hereinbefore stated: (c) that such narrowing would unreasonably interfere with the use of the sidewalks by pedestrians, and (d) that plaintiff had acquired by prescription the right to maintain the steps above mentioned, and that the narrowing of the walk on that side of the street would practically destroy the sidewalk for pedestrian purposes.

The cost of the ordered improvement of Second street was calculated according to the square yard, and in the final estimate, as well as in the bid and the contract, there was included therein like improvement of a part of Scott boulevard at and near to the intersection thereof by Second street. The total cost of the improvement on the two streets was estimated on the entire yardage of the surface to be improved, and it is claimed by plaintiff in his petition (e) that such inclusion of any improvement on Scott boulevard rendered the entire contract void, and for which reason also the prayer of his petition should be sustained. Following pleading made the issues, and upon final submission the court sustained that part of the relief sought by plaintiff preventing the narrowing of the walks on either side of Second street between Church avenue and Scott boulevard, and enjoined the city from reducing the width of the walks and from improving as a part of the vehicular traveled way of the street any part of the space heretofore occupied by them; but the judgment dismissed plaintiff's petition in so far as it sought to prevent the carrying out of the contract for the work based on claim (e).

The city and its contractor prosecute this appeal from so much of the judgment as enjoined the narrowing of the sidewalks to half their present width, and plaintiff

has obtained in this court a cross-appeal from that part of the judgment disallowing his claim (e), and denying the injunction prayed for as based thereon. It will be perceived that question (1), supra, is exclusively one of law, while question (2) is exclusively one of fact, but in disposing of them in this opinion we will treat them together.

Perhaps no principle of law is better settled than the one giving to municipalities, general control over the spaces within their boundaries occupied by public ways, whether they be streets, sidewalks, alleys, wharves. parks, or other facilities maintained for the general benefit and welfare of the public. The exercise of such power and authority is in the discharge of purely governmental functions and rests primarily in the state in which the municipality is located. 13 R. C. L. 79, sec. 70. However, in most of the states, in the Federal Union, if not in all of them, including Kentucky, such authority has been delegated by the states to the municipality (see same reference), and; when that is done, they

"hold their streets and highways in trust for the benefit of the public, and are bound to improve them in such manner as will respond to the necessity and convenience of the public in their use as ways of passage. As against abutting owners they have an undoubted right to open and fit them for travel to their entire width. Power to improve them is generally expressly conferred upon such corporations by their charters or general laws, and the power so conferred, like other legislative powers, is a continuing one, unless the contrary is indicated."

13 R. C. L. 80, sec. 71. Likewise:

"the propriety and necessity of improving streets and sidewalks, and the character and extent of the work to be done, are matters resting in the discretion of the public authorities to whom the decision of those questions is committed by law, and the courts will not interfere with the exercise of such discretion, except where the power is exceeded or fraud is charged and shown to exist; or where there has been a manifest invasion of private rights."

Same authority 82, sec. 73. To the same effect is the text in 44 C. J. 162, sec. 2281, and also section 2284 on

pages 164, 165. That such power and authority includes, subject to the same limitation, the right to widen or narrow the space in streets occupied by sidewalks, and the space occupied and set apart to vehicular travel, is pointed out in the text of the same volume of Corpus Juris on page 167, sec. 2290, and in sec. 2297, on page 169. Also by the text in the same volume on page 893 in a subdivision of section 3613, wherein it is said, inter alia:

"Where the statute in no way fixed the width of the street, nor the relative width of the roadway, and the side walk, the necessity for making a change in the width of a side walk is a matter for the determination of the municipal authorities in their discretion under the general power over the streets conferred by statute."

The text then refers to and cites the case of City of Georgetown v. Hambrick, 127 Ky. 43, 104 S. W. 997, 31 Ky. Law Rep. 1276, 13 L. R. A. (N. S.) 1113, 128 Am. St. Rep. 333, and in that opinion the general doctrine as to the power and authority over public ways of municipalities in this commonwealth, as above outlined and set forth in the text authorities referred to, is approved. It is also done in many other opinions from this court rendered both prior to and following the Georgetown opinion, and, since there is no dissenting one we will not incumber this opinion with a citation of them.

Section 3094 of our present Statutes is a part of the enacted charter for cities of the second class in this commonwealth, and to which Covington belongs. By its express terms it confers upon that class of municipalities "exclusive control and power over the streets, roadways, sidewalks, alleys, landings, wharves, public grounds and highways of the city," and "to establish open, alter, widen, extend, close, grade, pave, repave clean and keep in repair the same." It is, therefore, clear that plaintiff as an abutting owner has no legal right to dispute that power and authority of the city of Covington through its proper agency to improve the involved portion of Second street, including the narrowing of its sidewalks, upon any ground other than (f), an attempt to exceed such power and authority, or (g) that it acted in such a manner as to be arbitrary and fraudulent or so as to create a manifest invasion of private rights. The opinions from this court are numerous

to the effect that, though the thing done or threatened by the municipality would subject one of its citizens to some detrimental inconvenience or loss, yet he will have no right to complain, unless the injury to him was greater or of a different nature than that suffered by the members of the public in general, and which principle is so thoroughly established in this jurisdiction as to not require the citation of cases to support it.

The learned trial judge seems to have been of the opinion that some sort of individual right had been acquired by plaintiff and other abutting owners on Second street to have the walks in front of their property to forever remain the width of 11 feet, and which notion, as we gather it, is based exclusively upon the length of time they had been so maintained. The right to maintain an obstruction, like the steps involved in this case upon the sidewalks, may and can be obtained by prescription in the manner indicated, provided their maintenance was claimed as a matter of right for as much as 15 years or more prior to the enactment of section 2546 of our present Statutes, and which is true in this case as to plaintiff's right to maintain the steps here involved. But the right to require the continued maintenance of the walks at their present width as to any part thereof, not so privately owned and claimed by the abutting owner, may not be so acquired. Such latter parts of the sidewalks the abutting property owner has never occupied as his private individual property, but only used them as walkways in common with other members of the public, and the reason for the application of the rule as to the acquisition of prescriptive rights and titles does not apply to any part of the sidewalk and streets not so claimed and not so adversely occupied.

Therefore, the only right the plaintiff has in this case to object to the proposed narrowing of the sidewalks must be based upon grounds (f) and (g), supra, or either of them, and which he, by his learned counsel, attempts to sustain in support of that part of the judgment involved in the original appeal. We have carefully examined and considered the evidence in this case, and we are by no means prepared to hold that it sustains plaintiff's contention that the city authorities in directing the walks to be narrowed to half their present width acted either arbitrarily, fraudulently, or so as to create "a manifest invasion" of plaintiff's rights as an abut-

ting property owner. At all other places on both sides of the street there will still remain a sidewalk 5½ feet wide, with the exception of the short distance alongside of the involved steps on the south side of the street. As hereinbefore pointed out, the building with which those steps are connected is only 16 feet wide, and only a portion of that width is occupied by them. At most, that distance could not exceed 8 feet, and it would, perhaps, create an occasional temporary chocking or obstruction of pedestrian travel on that sidewalk for such meager distance; but the narrowed condition of the walk at that point will produce no interference whatever with plaintiff's use of the steps, either in entering the first story of his building from the sidewalk, or in going into its basement therefrom, since both of them come no nearer to the outer edge of the reduced walk at that place than 2 or 2½ feet. Therefore, the only inconvenience that plaintiff would sustain by such reduced width for such a short distance would be that which he sustained in common with all other members of the public and which, as we have seen, does not afford him an individual cause of action.

The same conclusion necessarily follows concerning plaintiff's objection to the reduction of the width of the walk in front of his factory on the north side of the street. He attempts to sustain his contention in that respect by testimony that the width of the walk at that point, when so reduced, would curtail his right to put thereon material to be used in his factory as it is unloaded from vehicles on the street in front of it, and that the unloading of such material of the required length in its unmanufactured state would in some manner be interfered with more than if the walk at that point should remain at its present width of 11 feet. We have experienced some difficulty in grasping that argument, since the open space occupied jointly by both sidewalks and vehicular traveled portions continues the same, there being no encroachment upon, or alteration in any manner of, property lines. Vehicles may yet stop the same distance from the front wall of the building while loading and unloading and in front of the factory as they have heretofore done throughout the time of the existence of the 11-foot sidewalk. However, if there should be some slight interference in that particular, it would not create a right of action in behalf of plaintiff, since such use of the street, i. e., loading and unloading for

the benefit of abutting property, is one of the fundamental purposes of a street to be enjoyed by all members of the public, nonowners as well as owners of abutting property. There is no proposed physical disturbance of any of plaintiff's rights of ingress and egress to and from his property, and he has the same right to stop the vehicles delivering material to and carrying it from his factory at the same place in the street and at the same distance from his property line as has heretofore been done by him.

We also find ourselves unable to coincide with learned counsel for plaintiff in his argument in support of objection (b) to the effect that his client is entitled to the relief sought in maintaining the sidewalks at their present width in order to prevent the possibility of street traffic being conducted within 5½ feet of his property line. But little argument is made in brief in support of that contention, and we are cited to no authority sustaining it. The general authority of a municipality, as hereinbefore outlined, over its streets and walks, is in direct conflict therewith, and for which reason we hold it to be unsustainable. We, therefore, conclude that the court erred in enjoining that portion of the improvement project involving the narrowing of the sidewalks on both sides of Second street for the distances and at the points described in the ordinance.

On the cross-appeal, plaintiff insists that he was entitled to the injunction sought by him for the reasons hereinbefore stated, but the trial court thought otherwise and with which conclusion we agree. It is true that there was an error made in the calculation as to the total cost of the proposed improvement to be apportioned to the owners of abutting property, but the mistake consisted in including the cost of similar improvement of some portions of Scott boulevard. The total amount of the improvement on both streets was calculated on the number of cubic yards, and there is nothing in the evidence to show that the improvement that was ordered to be made on portions of Scott boulevard would cost any more per cubic yard than the improvement ordered to be made on Second street, and it is an easy matter to arrive at the total cost of the improvement at the contract price apportioned to Second street by a mere calculation from the number of cubic yards so improved thereon, and which is in accordance with a prior general ordinance of the city of Covington giving author-

126

ity therefor. We, therefore, conclude that there is no merit in the cross-appeal, and that the questioned portions of the judgment involved in it should be affirmed.

Wherefore, for the reasons stated, the judgment on the original appeal is reversed, for proceedings consistent herewith, and, on the cross-appeal, it is affirmed. The whole court sitting.