**TRIPLETT et al. v. CITY OF CORBIN.**

Court of Appeals of Kentucky.

June 4, 1954.

Joe S. Feather, Williamsburg, for appellants.

H. M. Sutton, Corbin, for appellee.

WADDILL, Commissioner.

This appeal is from a judgment upholding the validity of a parking ordinance which prohibits the parking of vehicles on Main Street, between Seventeenth and Eighteenth Streets, in the city of Corbin. The appellants, who operate a super market fronting on Main Street within the restricted parking area, contend that the ordinance denies to them the right of ingress and egress to their property for the purpose of delivering merchandise. Therefore, they assert that such a regulation is unreasonable, oppressive, and has the force and effect of taking their property without due process of law.

The legislature has conferred upon the city of Corbin the power to control and regulate traffic and the parking of vehicles upon the public ways within the city. KRS 94.360. The exercise of this police power by the governing authorities of cities in the jurisdiction has frequently been approved. Allsmiller v. Johnson, 309 Ky. 695, 218 S.W.2d 28; Covington v. Averbeck, 244 Ky. 117, 50 S.W.2d 50. Therefore, the only question presented is whether the provisions of the ordinance, when applied to the appellants, are so oppressive and unreasonable as to render the ordinance invalid. Wells v. Mt. Olivet, 126 Ky. 131, 102 S.W. 1182, 11 L.R.A.,N.S., 1080; 5 Am.Jur., Automobiles, Section 58.

The ordinance was designed and enacted to protect the public from the hazards of traffic congestion at the intersection of the involved streets which are the focal points of considerable highway traffic. Its effect has been to facilitate the handling of heavy

traffic with increased safety at a dangerous highway intersection. In the light of the general purpose and effect of the ordinance we now look to the appellants' claim that the ordinance is invalid.

The appellants' contention that they must by necessity unload merchandise in front of their place of business is not supported by the record. The evidence discloses that the appellants own and operate a parking lot adjoining their place of business for the convenience of their customers. Thus it is apparent that this space could be utilized to bring merchandise into appellants' place of business through a side door in their building, accessible from this parking space. Although the appellants may be inconvenienced by this traffic regulation, it does appear that a reasonable method of unloading merchandise from trucks into their building does exist, and that the claimed necessity for using the restricted traffic zone is without merit.

The ordinance here assailed is not on its face invalid, and as appellants have failed to sustain their claim that the enforcement of the ordinance is unreasonable, or oppressive, as to them, the judgment of the trial court must be, and is, affirmed.