Charles M. BLACKBURN, Commissioner, Department of Motor Transportation, Commonwealth of Kentucky, Appellant,

v.

CITY OF PINEVILLE, Appellee.

Court of Appeals of Kentucky.

May 29, 1958.

Jo M. Ferguson, Atty. Gen., Geo. L. Willis, III, Asst. Atty. Gen., for appellant.

Cleon Calvert, Pineville, John Hopkins, Frankfort, for appellee.

STANLEY, Commissioner.

The Commissioner of Motor Transportation, upon petition of eleven operators of taxicabs, declared an ordinance of the City of Pineville to be "null and void and of no binding effect." The circuit court, on appeal, held the Department of Motor Transportation was without jurisdiction and set aside the Commissioner's order. Although the taxicab operators were parties below, only the Commissioner prosecutes this appeal.

We put aside without comment the assumption by the administrative officer of the judicial power to declare a city ordinance void.

The several taxicab operators had been granted certificates or permits by the Department of Motor Transportation to run their cabs in Pineville, and the city had designated parking spaces for them on its streets without charge. On March 5, 1956, the council adopted an ordinance to the effect that all "taxi parks heretofore established" on any street or alley were abolished and such spaces were made open to the public with parking meters. The ordinance further provides that no operator of a taxicab licensed by the state or by the city should be permitted to occupy any parking space "as a basic place for carrying on his or her business" and, further, that the ordinance "shall not be so construed as to prevent or prohibit any taxi operator" from taking on or discharging passengers in any part of the city. All conflicting ordinances were expressly repealed.

■ The appellant recognizes that KRS 94.360(1) declares inter alia that a city of the fourth class (in which Pineville is placed, KRS 81.010) "shall * * * have and exercise exclusive control over the public ways" of the city. The Legislature has, therefore, conferred upon the city the power to control and regulate traffic and the parking of vehicles upon its streets. Triplett v. City of Corbin, Ky., 269 S.W.2d 188. This embraces authority to designate and to limit stations for taxicabs, notwithstanding the business and general operation may be within the regulatory jurisdiction of the Department of Motor Transportation. Bell Brothers Trucking Co. v. Kelley, 277 Ky. 781, 127 S.W.2d 831; Adams v. Burke, 308 Ky. 722, 215 S.W.2d 531. These opinions draw the clear distinction between regulating the *use of streets* and regulating the *business* of public motor carriers.

The Commissioner of Motor Vehicles claims that KRS 281.635, particularly subsection (4), which was enacted subsequent to the foregoing opinions, repealed KRS 94.360(1) in part by limiting the power of the cities which had been granted by KRS 94.360(1) and granting exclusive power in the department to regulate not only the business of operating taxicabs by the issuance of certificates of convenience and necessity but to regulate the use of a city's streets for parking stations.

The statute relied upon, KRS 281.635(4), declares that the governing boards of the several cities "shall have supervisory and regulatory power over taxicabs certificated to operate in said city, and while operating in said city, and shall have authority to enforce all ordinances or regulations pertaining to the number and operation of taxicabs." There is added a proviso that any interested party may appeal to the Department of Motor Transportation any "action, finding or order" of the city and that a hearing shall be held before the department. However, the statute declares that the action of the city "shall be sustained if there is substantial evidence or reason to support it." Excluded from the right of appeal is any action of the city relating to intracity transportation, which exclusion is apparently in recognition of §§ 163 and 164 of the Constitution, which vest in the cities power to grant franchises to public utilities within their boundaries.

■ It will be observed that there is nothing in this more recent statute, KRS 281.635(4), that conflicts with KRS 94.360

(1) relating to a city's power to control the use of its streets. We regard the statute as extending or granting new regulatory powers over taxicab operations rather than limiting the authority of the cities with respect thereto. The restriction is upon powers of the Department of Motor Transportation. At any rate, the present ordinance of Pineville is designed to regulate traffic and to get rid of taxicab parking on the streets to the exclusion of the public. It was within its statutory rights and powers.

The judgment is affirmed.