Farris BOWLING et al., Partners, d/b/a Somerset Auto Parts, Appellants,

v.

CITY OF SOMERSET, Kentucky, Appellee.

Court of Appeals of Kentucky.

March 25, 1960.

J. Milton Luker, Charles R. Luker, Jr., London, for appellants.

Viley O. Blackburn, Somerset, for appellee.

CULLEN, Commissioner.

Appellants, who are partners doing business as Somerset Auto Parts, operate a wholesale auto parts business in a building on the east side of South Main Street in the City of Somerset. The street is the main thoroughfare of the city and is a federal highway. There are parking meters on both sides of the street in the block in which appellants' building is located, and truck parking on the meters is forbidden. There is a driveway on the south side of appellants' building but it does not furnish suitable accommodation for appellants' customers.

In order to provide parking space for their customers, the appellants leased a vacant lot on the west side of the street, across from their building. This lot is some seven to ten feet below the street level, and extends back to an alley. The appellants proposed to build a ramp from the lot up to the street and construct an entranceway across the sidewalk and curb. The city council denied appellants' application for permission to construct the entranceway, on the ground that it would create a safety hazard. Appellants then brought this action against the city, seeking a mandatory injunction to compel the city to give permission for the entranceway. The circuit court dismissed the action, hence this appeal.

While the appellants maintain that the alleyway behind the proposed parking lot does not furnish suitable or adequate access to the lot, by reason of its being narrow and obstructed, and by reason of the circuitous route required to be taken in order to reach the alley from the main street, the circuit court found as a fact that the alley is sufficiently wide, passable and accessible to furnish reasonable access to the lot. Upon a consideration of the evidence we cannot say that this finding is erroneous.

The circuit court also found that by reason of the heavy pedestrian and vehicular traffic on the street, in the highly congested downtown business area, and by reason of the fact that vehicles using the lot would be required to come up a steep ramp to the street, the construction of an entranceway opening onto the main street would create a substantial safety hazard and would materially impede the flow of traffic. The evidence is sufficient to sustain this finding.

The question, then, is this: May a city deny an abutting property owner access to a street when the use the owner proposes to make of the access is such as to create a substantial safety hazard, and when the owner has other reasonable means of access to the property?

In City of Antonio v. Pigeonhole Parking of Texas, 311 S.W.2d 218, the Supreme Court of Texas, after a thorough review of the authorities dealing with the question, upheld a city ordinance which denied to the owner of a parking garage, located on a corner lot, an access to the main street, where the garage had an adequate entranceway on the side street. Cited in support of the holding were the cases of Alexander Co. v. City of Owatonna, 222

Minn. 312, 24 N.W.2d 244; Farmers-Kissinger Market House Co., Inc., v. Reading, 310 Pa. 493, 165 A. 398, and Wood v. City of Richmond, 148 Va. 400, 138 S.E. 560, in each of which cases a similar decision was reached.

The Texas Court very aptly pointed out that while a property owner is entitled to protection from a deprivation of access to the street through the exercise of the power of eminent domain, he is not entitled to protection from a deprivation of access through a valid exercise of the police power.

 It is axiomatic that private rights must yield to a reasonable exercise of the police power. We think an appropriate test of reasonableness in a case such as the one before us is the test stated by the Texas Court in the San Antonio case (citing Tilton v. Sharpe, 85 N.H. 138, 155 A. 44), namely: Would the proposed use of the way of access expose the traveling public to such hazard and danger as to be out of proportion to the detriment caused to the property owner by a denial of that use? 311 S.W.2d 218, 223.

It appears that the entranceway sought by the appellants here is one of convenience rather than necessity. The detriment to the appellants through denial of this convenience may be considered small in proportion to the threatened public danger. So under the stated test we cannot say that the action of the city is unreasonable.

In Triplett v. City of Corbin, Ky., 269 S.W.2d 188, 189, this Court upheld an ordinance prohibiting parking in a certain city block, as against the contention of the owner of a supermarket that the ordinance denied him ingress and egress for merchandise deliveries. The Court found that the owner's contention was not sustainable, in that he had access to his building from a parking area for loading purposes, and therefore he would merely be *inconvenienced* by the ordinance. The Triplett case furnishes support for upholding the action of the City of Somerset in the instant case.

It is our opinion that the holding in City of Antonio v. Pigeonhole Parking of Texas, Tex., 311 S.W.2d 218, and in the cases relied upon therein, is sound and is in accord with our views as expressed in Triplett v. City of Corbin, Ky., 269 S.W.2d 188, 189. The facts of the instant case bring it within that holding, so we sustain the decision of the trial court that the action of the City of Somerset was a valid exercise of its police power.

The judgment is affirmed.