**LEAGUE CITY, Texas, Appellant,**

v.

**W. R. FLORA & SONS, INC., et al.,
Appellees.**

**No. 14512.**

Court of Civil Appeals of Texas.

Houston.

March 11, 1965.

Rehearing Denied April 1, 1965.

Cecil J. Palmer, Dickinson, for appellant.

Markwell, Stubbs, Decker & Dalehite, Galveston, Elmo M. Johnson, Galveston, of counsel, for appellees.

COLEMAN, Justice.

This is a suit to enjoin the enforcement of a penal ordinance. The appeal is from an order granting a temporary injunction.

There are two appellees. W. R. Flora & Sons, Inc. are engaged in the business of selling top soil, sand and fill dirt. This appellee has contracted with appellee, Earl Turner, to remove and sell top soil, sand and fill dirt from a 45.16 acre tract of land owned by Turner in the City of League City, Texas, agreeing to pay to him a fixed sum per yard for the material removed and sold, and also agreeing to pay him a minimum monthly payment of $300.00 regardless of the number of yards sold. Flora sells to customers who remove the material in their own trucks and also delivers material to customers in trucks owned or leased by Flora.

The tract of land can be reached from the Gulf Freeway by going north on Calder Drive and east on Link Road; from F. M. Road 518 by going south on Calder Drive and east on Link Road; from State Highway No. 3 by going west on Link Road or by going south on Bradshaw Nursery Road and west on Link Road.

The City of League City has enacted Ordinance No. 41 under the terms of which a load limit of 6500 pounds, regardless of wheels or axle distribution, was placed on Bradshaw Nursery Road, Calder Avenue north from Link Road, and that portion of Link Road between Bradshaw Nursery Road and State Highway 3. The ordinance provided for the following exceptions:

"* * * trucks, or other vehicles, using or operating upon the above designated portions of Bradshaw Road, Link Road and Calder Avenue for the transportation and delivery of goods, wares or merchandise to residences or places of business located within those portions of Bradshaw Road, Link Road and Calder Avenue above designated, * * * trucks, or other vehicles, owned or operated under the authority of the United States Government for the delivery of mail, * * * trucks buses or other vehicles, owned and operated under the authority of Clear Creek Consolidated Independent School District, * * * trucks, or other vehicles, owned or operated under the authority of League City Volunteer

Fire Department, * * * trucks or other vehicles, owned or operated under the authority of the City of League City or the County of Galveston."

The effect of the ordinance is to deny to Flora the use of certain roads for hauling the dirt which he is bound by contract to remove or pay for, and to deny the use of these roads to customers desiring to purchase dirt from him. One route to the property was left for use. There was testimony that since the enactment of this ordinance the sales of dirt have been sharply reduced. The ordinance provides criminal penalties for violations.

■ It is well settled that the enforcement of city ordinances penal in nature can be enjoined only when they are void and their enforcement would result in irreparable injury to the property rights of the plaintiff, or serious impairment in the use of his property. Ex Parte Sterling, 122 Tex. 108, 53 S.W.2d 294.

Appellant contends that no injury to a vested property right was proven since no person can insist that he has, or may acquire, a vested right to use the streets and highways in carrying on a commercial business, citing Ex Parte Sterling, supra. There is a valid distinction between Ex Parte Sterling and this case. The ownership of land abutting upon a public street carries with it as property the right of free and unimpaired access thereto and egress therefrom, and any action on the part of the city which impaired that right causing a depreciation in the value of the land constitutes damage to the lot. It is not necessary that the obstruction limiting ingress and egress be in front of or near to the property if in fact it affects the value of the property. If the effect of the obstruction is to render the property less valuable to sell, *or to use*, the property is damaged. Powell v. Houston & T. C. R. Co., 104 Tex. 219, 135 S.W. 1153, 46 L.R.A.,N.S., 1615.

Turner's ownership of property abutting on Link Road entitled him to its use free from obstruction or hindrance by the City. Commissioners Court of Harris County v. Kaiser, Tex.Civ.App., 23 S.W.2d 840, writ ref.; Moore v. Commissioners Court of McCulloch County, Tex.Civ.App., 239 S.W.2d 119, error ref.

However, property rights may be injured or taken by a municipality without compensation in the valid exercise of the police power. In Lombardo v. City of Dallas, 124 Tex. 1, 73 S.W.2d 475, the court said:

"All property is held subject to the valid exercise of the police power; nor are regulations unconstitutional merely because they operate as a restraint upon private rights of person or property or will result in loss to individuals. The infliction of such loss is not a deprivation of property without due process of law; the exertion of the police power upon subjects lying within its scope, in a proper and lawful manner, is due process of law. Moreover, police regulations do not constitute a taking of property under the right of eminent domain; and compensation is not required to be made for such loss as is occasioned by the proper exercise of the police power."

The police power is not without limitations. It is not validly exercised if it deprives one of his property without due course of law, or fails to provide him that equal protection of the law, vouchsafed to him by the Texas Constitution. Missouri, K. & T. R. Co. v. Rockwall County Levee Imp. District No. 3, 117 Tex. 34, 297 S.W. 206.

■ Article I, Sec. 3, of the Texas Constitution, Vernon's Ann.St., guarantees to all persons equality of rights. It was designed to prevent any person, or class of persons, from being singled out as a special subject for discriminating or hostile legislation. Burroughs v. Lyles, 142 Tex. 704, 181 S.W.2d 570.

■ If it can be shown that an ordinance is unnecessary, unreasonable, and arbitrary,

it is unconstitutional and void. City of San Antonio v. Pigeonhole Parking of Texas, 158 Tex. 318, 311 S.W.2d 218, 73 A.L.R.2d 640. In the Pigeonhole Parking case the Supreme Court of Texas said:

"Now it is evident that the City granted respondent a permit to erect its parking facility and respondent proceeded with the construction, probably with the expectation of having vehicular access from both streets. But he has made no showing nor offered any testimony that the refusal of a permit for a driveway on Houston Street would be oppressive or arbitrary or interfere unreasonably with the operation of his garage or that it could not be conducted profitably and economically without the additional driveway. He has not attempted to show that the pedestrian travel along Houston Street is not so heavy and congested as to make the driveway hazardous to the public and a threat to the safety of pedestrians at that point. It may be that such facts can be shown as to convince the Court that the enforcement of the ordinance as to respondent would be unreasonable and unjust. The test of reasonableness to be applied is not solely one of whether the additional driveway on Houston Street is essential to the profitable operation of respondent's business, but whether the use of the sidewalk would expose the pedestrian public to such hazard and danger as to be out of proportion to the detriment caused to respondent by a denial of that use. Tilton v. Sharpe, 85 N.H. 138, 155 A. 44."

Here we have testimony the Link Road is used by vehicles weighing more than 6500 pounds in making deliveries to residents on Pecan Orchard Road. The ordinance exempts vehicles used for the transportation and delivery of goods to residences or places of business located within those portions of the roads on which a weight limit was placed. Trucks, buses, or other vehicles owned by governmental agencies were exempted. The City has never improved or maintained these streets. There was no evidence that the operation of trucks on the roads in question constituted a nuisance. The roads in question constitute approximately one-tenth of the total shell roads within the City Limits, and all of the roads in the City are shell and in approximately the same condition. Trucks carrying concrete, shell and other materials, weighing in excess of 6500 pounds, use the other shell roads in the City, but this ordinance is the only ordinance establishing weight limits on City streets. There had been no vehicle accidents on any of the streets named in the ordinance. The roads have been maintained by Flora and are in substantially better condition now than before Flora's operation began. The ordinance contains no findings of fact attempting to justify the regulation imposed.

In Nichols v. Park, Tex.Civ.App., 119 S.W.2d 1066, the court said:

"A statute, to be justified under the authority of the police power, must be reasonable in the light of all the circumstances. Otherwise, it may be an unlawful interference with the property and rights of the individual. The issue to be determined in such a case involves a consideration of the value of the benefits to the public and the expense and costs imposed upon the complainant. Missouri, K. & T. R. Co. v. Improvement District, (117 Tex. 34, 297 S.W. 206), supra."

In Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549, the court said:

"In a hearing on an application for a temporary injunction the only question before the court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits. James v. Weinstein & Sons, Tex.Com.App., 12 S.W.2d 959, 960. To warrant the issuance of the writ, the

applicant need only show a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation. Rosenfield v. Seifert, Tex.Civ.App., 270 S.W. 220, 223; Nagy v. Bennett, Tex.Civ.App., 24 S.W.2d 778, 781; High on Injunctions, 4th Edition, Vol. 1, Sec. 5, p. 8. If the party enjoined prevails on a final trial of the case he finds protection against the improvident granting of the writ and consequent loss in the interim in the applicant's bond. Where the pleadings and the evidence present a case of probable right and probable injury, the trial court is clothed with broad discretion in determining whether to issue the writ and its order will be reversed only on a showing of a clear abuse of discretion. Texas Foundries v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460, 462. There is no abuse of discretion in the issuance of a writ if the petition alleges a cause of action and the evidence adduced tends to sustain it. Southwestern Greyhound Lines, Inc. v. Railroad Commission, 128 Tex. 560, 99 S.W.2d 263, 109 A.L.R. 1235."

In its order granting the injunction the trial court found that the effect of the ordinance was "to close the named streets to trucks seeking to purchase sand or dirt from Plaintiffs and to deprive them of access to their tract by truck by all routes except an extreme westerly route, * * * that the increased distances involved in use of the alternate route are such as to probably divert customers from Plaintiffs' tract entirely and that such interference with customers and markets and diversion of trade and revenue would result in irreparable and inestimable damage to the Plaintiffs * * *" The trial court further found that the ordinance was arbitrary, discriminatory and oppressive, both in form and application and that appellees have made a proper showing of probable right and probable injury.

 The evidence is sufficient to show jurisdiction in the trial court and to sustain his findings of probable right and probable injury. Under such circumstances the trial court did not abuse his discretion in issuing the temporary restraining order.

Affirmed.