JOSEPH G. WARREN *vs.* IRA M. COMINGS.

If a lessor, to whom rent is payable quarterly, brings an action and recovers judgment for a part of a quarter, he cannot afterwards maintain an action for the residue ; and it is immaterial, that the form of the second action is different from that of the first.

THIS was an action of assumpsit for rent, in which the plaintiff declared that he let certain premises to the defendant by parol, for the term of one year, beginning on the 1st of April, 1848, at a rent, payable quarterly, of $33.33 a quarter ;

and that the defendant entered and occupied under the lease until the 1st of October following, when the sum of $5.42 became due.

The defence was, that the plaintiff brought an action for use and occupation, to recover of the defendant the rent of the premises from the 1st of April, 1848, to the 16th of September following, and recovered judgment therein for the rent sued for, as appeared by a copy of the judgment, which was produced and admitted in evidence, against the objection of the plaintiff.

The judge of the court of common pleas, *Mellen*, J., before whom the case was tried, instructed the jury, that if the plaintiff, in a previous suit against the defendant, and without and against his consent, had recovered judgment for rent of the premises for a part of the quarter ending on the 1st of October, 1848, he would not be entitled to recover for the balance of that quarter's rent.

The jury found for the defendant, and the plaintiff excepted.

*W. A. Williams*, for the plaintiff, cited *Avery* v. *Fitch*, 4 Conn. 362; *Badger* v. *Titcomb*, 15 Pick. 409.

*J. W. Wetherell*, for the defendant, cited 1 Greenl. Ev. § 527 *a.*; 1 Stark. Ev. 201; *Sprague* v. *Wait*, 19 Pick. 455; *Eastman* v. *Cooper*, 15 Pick. 276, 286; *Parker* v. *Standish*, 3 Pick. 288; *Parker* v. *Brancker*, 22 Pick. 40, 44.

WILDE, J.    We are of opinion, that there is no ground, on which the exceptions can be sustained.    The law is perfectly well settled, that where a party brings an action for a part only of an entire and indivisible demand and obtains judgment, he cannot subsequently maintain an action for another part of the same demand.    It was so decided in *Smith* v. *Jones*, 15 Johns. 229; *Willard* v. *Sperry*, 16 Johns. 121; *Phillips* v. *Berick*, 16 Johns. 136; *Miller* v. *Covert*, 1 Wend. 487.    And such judgment may be given in evidence under the general issue.    1 Greenl. Ev. § 531; *Marsh* v. *Pier*, 4 Rawle, 273, 288; 2 Smith Lead. Ca. 434, 444.

It has been said, that the plaintiff, in the former action, declared on a different contract from that declared on in this action.    But the form of the action is immaterial; the plain-

tiff has recovered a part of a quarter's rent, the other part of which is claimed in this action.

But if the law were doubtful on this point, or this ground of defence had not been taken, the action, nevertheless, could not be maintained on the facts reported; for there was no evidence that by the contract the rent was payable quarterly or semi-annually, and if there was no agreement as to the time of payment, rent would not be due and payable until the end of the year. But there is no doubt of the law, and that it fully supports the ground of defence taken at the trial.

*Exceptions overruled.*