Dohoney, J.
This action involves a complaint wherein the plaintiffs Ross Woofenden and Carol Woofenden (hereinafter Woofenden) allege that the defendant Lyman R. Merriam (hereafter Merriam) agreed “to install and deliver a wood burning and oil burning furnace” at their home for a price of $2,500. This price did not include the installation of the baseboard heating units. Woofenden alleges (1.) that the unit was never completely installed (Paragraph 5 of their complaint); (2.) that the unit malfunctioned requiring repairs (Paragraph 7 of their complaint); (3.) that the system was inadequate to heat their home (Paragraph 8 of their complaint); (4.) that “too little” radiation units had been supplied (Paragraph 8 of their complaint), and (5.) that the unit had been installed in violation of the State Building and Fire Codes (Paragraph 9 of their complaint). Merriam filed an answer which, among other allegations, asserted that the case has been previously litigated. Merriam further filed a Motion for Summary Judgment asserting that the matter had been previously litigated. A hearing on the Motion for Summary Judgment was heard. The Trial Justice made certain findings and acted on Woofenden’s Requests for Rulings of Law. Woofenden filed a Motion to Alter or Amend Judgment. This Motion was denied. Woofenden claims to be aggrieved by the denial of their Motion to Alter or Amend Judgment. The ultimate issue presented to us is whether the present claims of Woofenden are barred by the judgment in the prior Small Claims action.
The Report contains evidence tending to show allegations that there was a transaction between the parties concerning the sale and partial installation of a heating system by Merriam for Woofenden. This transaction first resulted in litigation by Merriam in the Small Claims session of the Hampshire Division wherein he alleged $806.78 was due and stated as his claim:
Completed installation of an oil burner and wood boiler May 15,1982.
I have not been paid the remaining balance for labor and material. Woofenden filed an Answer in which they stated:
Improper and hazardous installation of heating system. Not installed *22 by code. Situation resulting in lack of heat during winter and most recently no hot water. Sum of money is for necessary work to allow system to be brought to code, to pay for service call by Whiting Oil, and for compensation for endangering my house and family and inconvenience of no heat or hot water.
The Report contains evidence that a hearing was held on both the original claim and the Counterclaim. The Trial Justice in the Small Claim action found for Merriam on the balance due and for Merriam for amounts alleged to be due for the improper installation of the heating system.
Woofenden thereafter filed the complaint in this action and argues that the present complaint addresses the allegation that the system is inadequate to heat the home and that this was not known by the parties or litigated at the time of the Small Claim actions. The Trial Justice held a hearing and allowed Merriam’s Motion for Summary Judgment and stated that the “facts alleged in the complaint are identical to the facts that were stated in Woofenden’s Counterclaim and their Answer to Merriam’s claim in the Small Claims Court action.”
The Motion to Alter or Amend Judgment or for a New Trial brings into issue whether there was any error of law in the allowance of Merriam’s Motion for Summary Judgment.

STANDARDS FOR MOTION FOR SUMMARY JUDGMENT:

M.C.R.P., Rule 56 (c) provides that a motion for summary judgment should be granted
if the pleadings, dispositions, answers to interrogations, and admissions of file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
A motion for summary judgment is a device for prompt dispositon of controversies if, in essence, there is no real dispute as to the salient facts or if only an issue of law is involved. Community National Bank v. Dawes, 369 Mass. 550 (1976). However, in acting on a motion for summaryjudgment, a court should not pass upon the credibility of the witnesses or on the weight of the evidence or make its own decision on the facts and the inferences must be drawn in the lights most favorable to the party opposing the motion. Attorney General v. Bailey, 386 Mass. 367 (1982). While generally the matter of res judicata is an affirmative defense and should be raised and dealt with by answer as provided in M.R.C.P., Rule 8 (c), it can be dealt with as a Motion to Dismiss under M.R.C.P., Rule 12 (b) (6) where all of the materials are official records available to the judge and not in dispute. See Boyd v. Jamaica Plain Cooperative Bank, 7 Mass. App. Ct. 153 (1979), further app. rev. den’d, 377 Mass. 920 (1979). Therefore, it can also be dealt with as a motion for summary judgment if only a question of law is presented.
RES JUDICATA: The issue thus presented to us is whether res judicata prevents the maintenance of this present action as a matter of law.
The traditional view of the doctrine of res judicata was expressed by the Supreme Judicial Court in Almeida v. Travelers Ins. Co., 383 Mass. 226, 229 (1981) as follows:
The essential elements necessary to preclude relitigation of an issue are ‘identity of cause of action and issues, the same parties, and judgment on the merits by a court of competent jurisdiction.’ Franklin v. North Weymouth Coop. Bank, 283 Mass. 275, 280, 186 N.E. 641 (1933).
*23 By applying these principals, we are able to resolve several of the present Woofenden claims. There is no doubt that the parties are the same in the present action as in the Small Claim action. Likewise, the Small Claims section of the Hampshire Division of the District Court Department had jurisdiction to hear the matter and render judgment and has the same status as an action at law. Bougiorikas v. Moore, 58 Mass. App. Dec. 74 (1976). While it was not compulsory on Woofenden to file a counterclaim (Dist./Mun. Cts. Supp. R. Civ. P., Rule 174), they elected to do so and must therefore be bound by the result. Therefore we must resolve whether there was identity of cause of action and issues. A review of the pleadings in each case is determinative of several of Woofenden’s present claims.
Woofenden presently claim 1. that the unit was never completely installed (Paragraph 5 of their complaint). However, Merriam claimed in his Small Claim action that he “completed installation of the oil and gas burner” and Woofenden stated in their answer that “job was never finished. .. .” Thus it seems clear that the issue of Merriam’s obligations relative to completion were before the Small Claims judge and cannot again be litigated.
Likewise, with respect to Woofenden’s second claim that the unit malfunctioned and necessitated repairs (Paragraph 7 of their complaint). Their counterclaim in the Small Claim action requested compensation for a service call.
Similarly, with respect to Woofenden’s claim that the unit had been installed in violation of the State Building Codes (Paragraph 9 of their complaint). The answer in the small claim action specficially says “Not installed by Code.” Woofenden is not therefore entitled to have these matters relitigated.
As to Woofenden’s claim that “too little” radiation units had been supplied, it is clear that the thrust of Merriam’s Small Claim action was that he had completed all of his obligations. The thrust of Woofenden’s defense was that he had not. This is evident by Merriam’s claim that he had “not been paid the remaining balance for labor and material” and Woofenden’s assertion that the “job was never finished.” It therefore appears that his claim was previously litigated.
CLAIM SPLITTING: A more complex issue is presented as to Woofenden’s claim that the system was inadequate to heat their house (Paragraph 8 of their complaint). Woofenden argues (although they do not allege this in their complaint) that they relied on the expertise of Merriam to sell them the proper sized unit, that he did not do so, and that this was not discovered until completion of the installation.
Since this action is before us on a Motion to Alter or Amend Judgment or for a New Trial and since judgment was entered on a Motion for Summary Judgment, we must assume that the alleged inadequacy of the heating system was not known at the time of the small claims trial and was not litigated in that action. We must make this assumption because the affidavit submitted by Woofenden states that
subsequent to the resolution of that claim we continued to have problems with the heating system and in 1983 I had the Kimball and Cary Fuel Corporation come in and inspect the system. At the time they made the inspection they determined that the system that had been installed by Mr. Merriam was completely inadequate to heat our house and water during the cold weather season and that no amount of money or procedures that could be used to make this system operate properly would cure the fact that the system was completely *24 insufficient to heat our home. This fact was not known to me prior to the fall of 1983 and this fact was never raised or litigated in the original Small Claim action in this matter.
We must also keep in mind that the present action is brought pursuant to General Laws, Chapter 93A and thus a totally separate cause of action. See Slaney v. Westwood Auto, Inc., 366 Mass. 688 (1975).
The issue is thus presented as to whether the present Chapter 93A claim is barred even though certain of the facts supporting it were unknown to Woofenden at the time of Small Claim hearing, and that the Chapter 93A claim was not litigated in the Small Claim action.
This brings us to the doctrine of “claim splitting” so-called. The clearest statement of this principal is stated in Boyd v. Jamaica Plain Cooperative Bank, 7 Mass. App. Ct. 153, 163 (1979), further app. rev. den. 377 Mass. 920 (1979), as follows:
This is the principle prohibiting claim splitting which states that the entry of ‘valid and final judgment extinguishes ... all rights of a plaintiff to remedies against the defendant with respect to all or part of the transaction, or series of connected transactions, out of which the action arose.’ RESTATEMENT (SECOND) OF JUDGMENTS § 61 (1) (Tent. Draft No. 5, 1978.) This principle will be applied to extinguish a claim even though the plaintiff is prepared in the second action to present evidence, grounds, or theories of the case not presented in the first action or to seek remedies or forms of relief not demanded in the first action. This policy promotes judicial economy and has been applied by our courts to bar successive actions.
In Boyd, the court was concerned with the issue of the handling of tax escrow accounts and any profits derived from them. Boyd had prevously been associated with a case involving a different plaintiff and a different defendant bank which was litigated on theories of escrow and fiduciary relationship. Boyd then sought a claim in the instant case based on unjust enrichment. The Court relied on the procedural background of the controversy and found that Boyd should be barred. The Court cited with approval the language in Fassas v. First Bank and Trust Co., 353 Mass. 628 (1968) that: “The statement of a different form liability is not a different cause of action, provided it grows out of the same transaction, act, or agreement and seeks redress for the same wrong.”
This doctrine was further illustrated in Fluhr v. Allstate Insurance Company, 15 Mass. App. Ct. 983, 984-5 (1983). There the plaintiffs brought an action for breach of a written contract of insurance and lost due to a late filing. They then brought second action alleging breach of an oral agreement to pay the claim. After a jury verdict for the plaintiff, the judge entered judgment for the defendant notwithstanding the verdict. Although the plaintiff contended that the two actions were based upon separate contracts (one oral and one written), the Court stated
‘A valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim.’ RESTATEMENT (SECOND) OF JUDGMENTS § 19 (1982). The claims barred include all rights of the plaintiff to remedies against the defendant with respect to a series of connected transactions out of which the action arose. RESTATEMENT (SECOND) OF JUDGMENTS § 24 (1). This rule applies to bar a second action even though the *25 plaintiff may be prepared in the second action ‘(1) To present evidence or grounds or theories of the case not presented in the first action.’ Id., at § 25 (1).
The Court then specifically addressed the issue of “claim-splitting” and stated
There is an additional basis on which the trial judge ruling may be sustained. It is not disputed that the alleged breach of the oral contract to settle the insurance claim occurred prior to the filing of the action for breach of the written insurance contract. Thus the theory advanced by the plaintiffs in the second action could have been raised in their first action because the events underlying that theory (and the alleged cause of action) occurred two and one-half years before the filing of the first suit.
Therefore, even if we were to assume that the claim based on the oral contract was new, we would still be obliged to ‘find that the rules against claim splitting prohibit further litigation.’ (Boyd v. Jamaica Plain Co-op. Bank, 7 Mass. App. Ct. 153, 167 (1979), because it has not been made to appear that the plaintiffs fall within the exceptions to that rule which are set out in RESTATEMENT (SECOND) OF JUDGMENTS § 26.
So also, in Morganville v. Building Inspector of Canton, 7 Mass. App. Ct. 475, 480 (1979), the Court was concerned with whether a prior action between other parties was binding on the present action. One of the issues was whether Section VII and/or Section VIII of the by-law was involved in the prior proceeding. The Court stated
Moreover, the claim raised by the Plaintiffs in this action is the same claim which was raised in Morley, namely that the zoning by-law of Canton precludes a building on Lot 28. Even if the front setback requirements had not been before the court, the Morley case cannot be viewed as an action to determine whether § VII of the Canton by-law precluded a building on Lot 28, and this action as one to determine whether § VIII precludes a building on such lot. It is rudimentary, whatever the definition of ‘claim,’ or of the older term ‘cause of action,’ that all the defenses to the issuance of a building permit for Lot 28 based on the Canton zoning by-law had to be raised in the prior action. The first action would be a bar even if, as is not the case here, only one section of the by-law had been put in issue. Trustees of Stigmantine Fathers, Inc. v. Secretary of Admn. & Fin., 369 Mass, at 564-567. See RESTATEMENT (SECOND) OF JUDGMENTS § 47 (Tent. Draft No. 1,1973 and § 61 (2) (Tent. No. 5,1978).
It is therefore clear that our courts have relied on the RESTATEMENTS and that it has provided a basis for recent decisions. The RESTATEMENT (SECOND) OF JUDGMENTS, Section 24, provides as follows:
(1) When a valid and final judgment rendered in an action extinguishes the plaintiffs claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
(2) What factual grouping constitutes a ‘transaction,’ and what groupings constitute a ‘series,’ are to be determined pragmatically, giving weight to such consideration as whether the facts are related *26 in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties expectations or business understanding or usage.
This view represents an expanding view of the doctrine. This is recognized in the Comment to Section 24
a. Rationale of a transactional view of claim. In defining claim to embrace all the remedial rights of the plaintiff against the defendant growing out of the relevant transaction (or series of connected transactions), this Section responds to modern procedural ideas which have found expression in the Federal Rules of Civil Procedure and other procedural systems.
‘Claim,’ in the context of res judicata, has never been broader than the transaction to which it related.
The present trend is to see claim in factual terms and to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff; regardless of the number of primary rights that may have been invaded; and regardless of the variations in the evidence needed to support the theories or rights. The transaction is the basis of the litigative unit or entity which may not be split. . . .
The law of res judication now reflects the expectation that parties who are given the capacity to present their ‘entire controversies’ shall, in fact, do so.
However, there are some reservations. In Mongeau v. Bontelle, 10 Mass. App. Ct. 246 (1980) the court refused to apply the doctrine in a case where a land purchaser originally sued the seller for common law fraud. Thereafter the purchaser sued the broker for fraud and a violation of Chapter 93A. The defendant broker contended that there was privity between himself and the seller and thus the prior action was a bar. The Court felt otherwise and relied in part upon the proposition that the Chapter 93A claim could not have been lodged against the seller because he was not engaged in trade or commerce.
So also in Bradford v. Richards, 11 Mass. App. Ct. 595 (1981) the plaintiff sought in the Probate Court to establish a holographic will wherein he was the devisee of certain real estate. While this action was pending, plaintiff filed an action in the Superior Court for the value of services rendered to the decedent. Plaintiff lost the Probate action and the defendant administrator then sought to dismiss the claim for services by alleging the plaintiff had impermissibly split his claim. The court felt otherwise and stated
.we do not think that a person can be charged with claim splitting where the fundamental facts established in connection are substantially dissimilar from the facts to be established in the second. . . .
See also McSorley v. Town of Hancock, 11 Mass. App. Ct. 563 (1981).
In applying the principles just established, it appears that Woofenden has split his claim. The purchase and installation of the boiler was one transaction. This is clearly within the language of the RESTATEMENT that “The transaction is the basis of the litigative unit or entity that may not be split.” The different theories of relief or the different evidence is not the determinative factor.
The RESTATEMENT also provides exceptions to the general rule against ■ •laim splitting. RESTATEMENT (SECOND) OF JUDGMENTS § 26 provides *27 several exceptions as follows:
(1) When any of the following circumstances exists, the general rule of § 24 does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant:
a. The parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein; or
b. The court in the first action has expressly reserved the plaintiffs right to maintain the second action; or
c. The plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject of the courts or restrictions on their authority to entertain multiple theories or demands for multiple remedies or forms of relief in a single action, and the plaintiff desires in the second action to rely on that theory or to seek that remedy or form of relief; or
d. The judgment in the first action was plainly inconsistent with the fair and equitable implementation of a statutory or constitutional scheme, or it is the sense'of the scheme that the plaintiff should be permitted to split his claim; or
e. For reasons of substantive policy in a case involving a continuing or recurrent wrong, the plaintiff is given an option to sue once for the total harm, both past and prospective, or to sue from time to time for the damages incurred to the date of suit, and chooses the latter course; or
f. It is clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason, such as the apparent invalidity of a continuing restraint or condition having a vital relation to personal liberty or the failure of the prior litigation to yield a coherent disposition of the controversey.
2. In any case described in (f) of Subsection (1), the plaintiff is required to follow the procedure set forth in §§ 78-82.
It is obvious that none of these exceptions applies.
It is contended by Woofenden that they were not aware of the inadequacy of the installed heating system until a time subsequent to the small claims disposition, including the counterclaim therein. Their failure to possess knowledge thereof when they counterclaimed is argued to be the basis of a subsequent, separate action. However, had they properly marshalled evidence to establish their position in counterclaim, they would have discovered all their legal arrows to place in their quiver. To litigate with some legal weapons does not enable one to litigate anew another day with other weapons that full and complete preparation could have placed in his possession. Splitting their legal arsenal precludes them from benefitting from their own oversight or piecemeal preparation and presentation. The RESTATEMENT does not recognize such an exception and judicial economy prevents such an exception.
Having found no error, the report is hereby dismissed.