Dohoney, J.
This action involves a claim by the plaintiff-landlord against the defendants-tenants for rent for the months of November and December of 1985 and January, February, March and April of 1986. From the report we learn that a lease existed between the parties for the period of two years from July 1, 1984, and that the lease contained certain language with respect to remedies at termination “at the election of the landlord.” There is no evidence that the plaintiff-landlord exercised this election. We also learn that there was an earlier action between the same parties involving the same lease *17 wherein the plaintiff-landlord sought and recovered rent for May through October of 1985 and the Court made a specific finding that the defendants-tenants were not constructively evicted. There was also a finding for the defendants-tenants on a counterclaim. That judgment was rendered on October 21,1985. The plaintiffs thereafter instituted this action for rent for the months of November and December of 1985 and January through April of 1986. The defendants filed a motion to dismiss on the basis of res judicata. The Court allowed the motion to dismiss. The plaintiff claimed to be aggrieved and filed a draft report.
The issue presented to us is if one who has a claim for rent under a lease extending into the future may bring an action for the rent due to the time of filing of suit and thereafter bring successive lawsuits for subsequent months.
The problem of “claim-splitting” has been addressed with increasing frequency. The general rule has been embodied in the RESTATEMENT (SECOND) OF JUDGMENTS, in Section 24 as follows:
(1) When a valid and final judgment rendered in an action extinguishes the plaintiffs claim pursuant to the rules of merger or bar (see §§ 18,19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.
(2) What factual grouping constitutes a ‘transaction’, and what groupings constitute a ‘series’, are to be determined pragmatically, giving weight to such consideration as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties expectations or business understanding or usage.
The Comment to the RESTATEMENT reinforces this view as follows:
The law of res judication now reflects the expectation that parties who are given the capacity to present their ‘entire controversies’ shall, in fact, do so.
This postion has been adopted in Massachusetts. In Boyd v. Jamaica Plain Cooperative Bank, 7 Mass. App. Ct. 153, 163 (1979), further app. rev. denied 377 Mass. 920 (1979), the Court was concerned with a series of litigation concerning tax escrow accounts. The Court adopted the language of an earlier draft of the Restatement as follows:
This is the principle prohibiting claim splitting which states that the entry of‘valid and final judgment extinguishes ... all rights of plaintiff to remedies against the defendant with respect to all or part of the transaction, or series of connected transactions, out of which the action arose.’RESTATEMENT (SECOND j OF JUDGMENTS § 61
(1) (Tent. Draft No. 5, 1978.) This principle will be applied to extinguish a claim even though the plaintiff is prepared in the second action to present evidence, grounds, or theories of the case not presented in the first action or to seek remedies or forms of relief not demanded in the first action. This policy promotes judicial economy and has been applied by our courts to bar successive actions....
Also, in Fluhr v. Allstate Insurance Company, 15 Mass. App. Ct. 983, 984-5 (1983), the plaintiff sued on his contract of insurance and lost due to a time limitation. They then brought a second action which alleged that there was an oral agreement to pay the claim. The Court felt that the plaintiff had impermissibly split his claim and stated
*18 There is an additional basis on which the trial judge ruling maybe sustained. It is not disputed that the alleged breach of the oral contract to settle the insurance claim occurred prior to the filing of the action for breach of the written insurance contract. Thus the theory advanced by the plaintiffs in the second action could have been raised in their first action because the events underlying that theory (and the alleged cause of action) occurred two and one-half years before the filing of the first suit.
Therefore, even if we were to assume that the claim based on the oral contract was new, we would still be obliged to ‘find that the rules against claim splitting prohibit further litigation.’ (Boyd v. Jamaica Plain Co-op Bank, 7 Mass. App. Ct. 153, 167 (1979), because it has not been made to appear that the plaintiffs fall within the exceptions to tlfat rule which are set out in RESTATEMENT (SECOND) OF JUDGMENTS § 26.
See also Morganelli v. Building Inspector of Canton, 7 Mass. App. Ct. 475 (1979) and Woofenden v. Merriam, 1985 Mass. App. Div. 21.
We thus turn to the area of claim for rent to determine if a claim for the entire rent due under a lease must be brought if a claim for any rent is sought.
The general rule is set forth in Stavisky, Landlord and Tenant Law, 34 Mass. Practice Series, §1022 as follows:
After that time, the landlord may sue only for such installments as have become due at the time of the commencement of the action. The action maybe amended from time to time up to trial date. If the rent is payable in monthly installments, the lessor may sue for each installment as it falls due, or he may wait until the expiration of the term and sue for all the unpaid installments. If the landlord waits until several months’ rent has accrued, he cannot maintain separate actions for each month’s rent, since the right to collect past due rent is entire.
This appears to follow the universal rule as set forth in 24 A.L.R. 889,891 as follows:
It is too well settled to admit of controversy that rent is not due until it is earned, and that an action cannot be maintained to recover rent before it is due by the terms of the lease. Hence the rule is universal that where the rent for a subsequent period was not a demand existing at the time of the commencement of a suit for accrued rent, and could not, under the conditions of the lease, have been recovered at that time, the subsequent action is not barred by the former judgment.
Surprisingly, there is little case law on the subject. In Electrelle Company v. Maguire, 215 Mass. 550, 551 (1913), an action was brought for the rental of an electrical player piano for twenty-three months beginning December 1, 1908. Five months later an action for replevin was brought and recovery was had for certain rent. The Court felt that other rent was still recoverable in the earlier action saying
The rent being payable monthly, the plaintiff had a right to bring an action for each unpaid monthly instalment as it fell due. In the action now before us the plaintiff could recover for rent due for the twenty-three months next before October 19,1910, but not for rent thereafter fallng due. After bringing this action he had a right to bring a further action or actions to recover unpaid monthly *19 instalments thereafter fallng due. If he did bring subsequent actions for subsequent rents and recovered judgment in the subsequent action for the subsequent rents before the first action came on for trial, he was not thereby prevented from recovering a later judgment in the earlier action for the earlier rent.
The conclusion that monthly rental installments are not due until the months of their application has other support. See Towle v. Commission of Banks, 246 Mass. 161 (1923). Of course, if a plaintiff brings an action for rent, he must bring it for all rent due at the time of bringing suit. Warren v. Comings, 60 Mass. (6 Cush.) 103 (1850).
Thus, in our case the plaintiff could not have brought rent for the months of November 1985 through April 1986 in the earlier action and thus it is not a bar to this present action for these months.
The allowance of the motion to dismiss is vacated. The action is returned for further proceedings.