## Allsmiller v. Johnson, Chief of Police, et al.

January 25, 1949.

Redwine & Redwine for appellant.

William O. Hays and J. Smith Hays for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This appeal is from a judgment denying the appellant, E. M. Allsmiller, the free and exclusive use of an eight foot parking space on Broadway Street in Winchester.

Mr. Allsmiller operates a hardware business at the corner of Main and Broadway Streets in Winchester. The building in which the business is located fronts on Main Street. There is no back entrance to the building, but there are three basement doors opening from the side of the building on Broadway. One of these doors has long been used for the loading and unloading of merchandise. Prior to the installation of parking meters Mr. Allsmiller erected a barrier across the curb in front of one of the doors to reserve a parking space for his truck. There was testimony showing that it was his practice to park double in the event another car was parked in this space. After the installation of parking meters all merchants in Winchester were given the right to unload and load in a parking meter zone when necessary without the payment of parking meter fees. After the meters were installed Mr. Allsmiller applied to the city council for permission to construct a driveway to or into his building. This permission was granted and the parking meter was removed and the curb cut down so that a truck could be backed to the side door which Mr. Allsmiller had been using. There is conflicting testimony as to whether this entrance is large enough to permit a truck to enter the building. Be this as it may, there is no question but

what Mr. Allsmiller has the right of ingress and egress to his store. Furthermore, this right has been specifically recognized by the city council by its removal of the parking meter and permitting the curb of the sidewalk to be cut down.

While the question is not at issue, it seems quite clear to us that the right granted Allsmiller by the city council is greater than a mere right to have marked off for him on the curb on Broadway a loading and unloading zone. He has been given the right of ingress and egress to his store over the sidewalk along Broadway, and whether he does or does not take his truck into his store is a matter of his personal concern.

It is Mr. Allsmiller's position that he has the exclusive right to use the space from which the parking meter was removed, and it has been his practice to leave his truck there for long periods of time. He insists that other persons will park in the disputed space if he does not leave his truck there. However, he admits that he has never made a complaint to the police department about persons parking in this space. On the other hand, police officials say it is their purpose to prevent all persons, including Mr. Allsmiller, from parking in the disputed space when merchandise is not being taken into or from Mr. Allsmiller's store.

In defense of their position the appellees rely upon KRS 94.360(1), which places exclusive control of the use of the streets in the city. They cite also the recent case of Graves County ex rel. Robbins v. City of Mayfield, 305 Ky. 374, 204 S.W.2d 369, wherein it was held that a city of the third class has the right to install parking meters. The further point is made that parking which obstructs a driveway is prohibited by KRS 189.450(4) (b), and also by Ordinance 116 of the City of Winchester. It is the position of the appellant, however, that the space in dispute is not a driveway. Regardless of whether the space in dispute comes within the legal definition of a driveway, we think the city clearly has the right to prohibit parking therein. This could be done by declaring the space to be a loading zone. As indicated above, this the city has done, in effect, by removing the parking meter and lowering the curb so as to permit a truck to be driven to or into Mr. Allsmiller's store.

A summary of the recent cases upholding the right of cities to install parking meters may be found in the case of City of Falmouth v. Pendleton County Court, 308 Ky. 526, 215 S.W.2d 101. In general these cases were predicated upon the exclusive right of a city council to control the use of its streets. As said in the case of Andrews v. City of Marion, 221 Ind. 422, 47 N.E.2d 968, 971, parking is generally considered as a privilege of the public and is incidental to the use of a street for travel. During the course of the opinion in that case it was said:

"* * * When the abutting property owner parks his automobile in front of his property he does so as a member of the public and in so doing is subject to reasonable traffic and parking regulations. The abutting owner's right of ingress and egress does not include the privilege of storing his automobile in front of his property." Rulings in accord with this view may be found in the cases of Wm. Laubach & Sons v. City of Easton, 28 North. 321; Id. 347 Pa. 542, 32 A.2d 881; Harper v. City of Wichita Falls, Tex.Civ.App., 105 S.W.2d 743; Gilsey Buildings Inc. v. Incorporated Village of Great Neck Plaza, 170 Misc. 945, 11 N.Y.S.2d 694. A contrary view may be found in the case of City of Birmingham v. Hood-McPherson Realty Co., 233 Ala. 352, 172 So. 114, 108 A.L.R. 1140.

In view of what has been said we think the lower court properly ruled in favor of the appellees.

Judgment affirmed.