## GIBSON v. CITY OF HARDINS-BURG et al.

Court of Appeals of Kentucky.
March 7, 1952.

J. Henry Gibson, Hardinsburg, J. T. Hatcher, Elizabethtown, for appellant.

A. Murray Beard, Robert O. Trent, Hardinsburg, Ky., for appellees.

CAMMACK, Chief Justice.

This appeal is from a judgment holding valid an ordinance establishing a restricted parking area for busses on Main Street (U. S. Highway 60), in the sixth-class city of Hardinsburg. It is insisted that the judgment should be reversed because (1) the ordinance is unreasonable, unequal, unfair and oppressive; (2) it conflicts with the general laws of Kentucky; and (3) it illegally delegates legislative and executive powers to employees of the Bus Company.

U. S. Highway 60 runs through Hardinsburg along Main Street. The bus terminal is on Main Street, a short distance south of Court Square, which intersects Main Street at right angles. The restricted area extends from a point just south of the bus terminal north to a point not beyond the center of Court Square. It is provided that one lane of traffic must be open at all times on Main and Court Streets. No parking is permitted in the restricted area for a period beginning 15 minutes before the arrival of a bus and the time of its departure. The Bus Company is required to publish in a conspicuous place in the area a sign showing the time of arrival and departure of all busses. "No Parking" signs must be placed at the ends of this area at least 15 minutes before the scheduled arrival of any bus. These signs must be removed when each bus departs. There is a provision also which requires that the Bus Company place someone at the intersection of Main and Court Streets to direct traffic in the event a bus extends out into the latter street.

We think the ordinance is valid. A sixth-class city, under KRS 88.080, may enact and enforce ordinances necessary to carry out its police and other functions which are not in conflict with general laws. A well-located bus terminal is necessary in any town or city for the convenience of the traveling public. Unless parking spaces are reserved for busses, they will cause traffic congestion or be required to stop in out-of-the-way places. Usually, the areas reserved for busses may not be used for private parking at any time. The ordinance in question places the duty upon the Bus Company to clear the area, except during a period 15 minutes in advance of the arrival of the bus until its departure.

In the parking meter cases, see City of Falmouth v. Pendleton County Court, 308 Ky. 526, 215 S.W.2d 101, we held that a city council has the exclusive right to control the use of its streets. In Allsmiller v. Johnson, 309 Ky. 695, 218 S.W. 2d 28, we quoted with approval the case of Andrews v. City of Marion, 221 Ind. 422, 47 N.E. 968, 971, wherein it was held that parking is generally considered as a privilege of the public and is incidental to the use of a street for travel. The Hardinsburg ordinance requires that traffic lanes on Main and Court Streets be kept open. We think the City clearly had the right to impose a penalty upon anyone parking his car in violation of the ordinance.

We find nothing in the ordinance which conflicts with the general laws of the State. Certainly, there is nothing in conflict with the general statutes relating to cities of the sixth class. Nor do we think the ordinance violates KRS 189.450 (4)(a–c), because it permits a bus to extend out into the intersection of Main and Court Streets. That section provides:

"(4) No person shall stop or park a vehicle, except when necessary to avoid conflict with other traffic or in compliance with the directions of a police officer or traffic control device, in the following places:

"(a) On a sidewalk;

"(b) In front of a public or private driveway;

"(c) Within an intersection".

In the event a bus does extend out into that intersection the Bus Company is required to station someone at the intersection for the purpose of directing traffic. One traffic lane in each street is to be kept open at all times. The statute addresses itself to certain specific traffic questions. The question here is the right of the City to adopt an ordinance regulating the parking of busses. Ample safeguards have been provided for the traveling public.

The last complaint is that the ordinance delegates to employees of the Bus Company the right to control traffic. Actually, the provisions requiring the Bus Company to put up and remove "No Parking" signs and to maintain the schedule of busses and to direct traffic at the intersection of Main and Court Streets at certain times are in the interest of the public good. While the ordinance provides for a restricted parking area for busses, it places upon the Bus Company the duty of clearing the area for public use except under specified conditions.

Judgment affirmed.