ELIZABETH M. FLUHR & another *vs.* ALLSTATE INSURANCE COMPANY. April 7, 1983. The plaintiffs initially brought an action for breach of a written contract of insurance. Summary judgment was entered for the defendant because the action had not been brought within the time permitted either by statute (see G. L. c. 175, § 99) or by the terms of the contract of insurance. The plaintiffs brought a second action against the defendants, alleging a breach by the defendants of an oral agreement to pay the insurance claim. The case was tried to a jury, who returned a verdict in favor of the plaintiffs. The judge, after memoranda and argument, ruled that the rights of the parties were determined in the initial action, thus precluding relitigation of the issues underlying that determination. Judgment for the defendant notwithstanding the verdict was accordingly entered. The present appeal ensued. There was no error.

The plaintiffs contend that the two actions were based on separate and distinct contracts. In the second action, the plaintiffs claimed breach of an oral contract concerning the fire loss sustained by them, whereas, the

first proceeding, they assert, pertained to the breach of a written insurance contract alleged to have covered the same loss. We agree, however, with the judge that the second action is barred. See and compare *Siegel* v. *Knott,* 318 Mass. 257, 260-262 (1945).

"A valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim." Restatement (Second) of Judgments § 19 (1982). The claims barred include all rights of the plaintiff to remedies against the defendant with respect to a series of connected transactions, out of which the action arose. Restatement (Second) of Judgments § 24(1) (1982). This rule applies to bar a second action even though the plaintiff may be prepared in the second action "(1) To present evidence or grounds or theories of the case not presented in the first action." *Id.* at § 25(1).

"The essential elements necessary to preclude relitigation of an issue are 'identity of cause of action and issues, the same parties, and judgment on the merits by a court of competent jurisdiction.'" *Almeida* v. *Travelers Ins. Co.,* 383 Mass. 226, 229 (1981), quoting *Franklin* v. *North Weymouth Coop. Bank,* 283 Mass. 275, 280 (1933). Neither the court's jurisdiction over this matter nor the fact that the parties are the same is disputed. And it is settled that a summary judgment, entered as was the one in the first action, will have preclusive effect. *Wright Machine Corp.* v. *Seaman-Andwall Corp.,* 364 Mass. 683, 693 (1974). See 6 Moore's Federal Practice par. 56.03 (2d ed. 1982). As to whether there was an "identity of cause of action and issues," we need not pause long. Both actions pertain to a certain fire loss sustained by the plaintiffs. The plaintiffs merely are complaining about a single legal wrong — the violation of a right to receive compensation from the insurer for their fire loss. The second action was merely another attempt to collect insurance proceeds for the same fire loss which was covered by the insurance policy. "The statement of a different form of liability is not a different cause of action, provided it grows out of the same transaction, act, or agreement, and seeks redress for the same wrong." *Mackintosh* v. *Chambers,* 285 Mass. 594, 596 (1934). See Restatement (Second) of Judgments § 25 comment h, illustration 16 (1982). Contrast *Bradford* v. *Richards,* 11 Mass. App. Ct. 595, 599-601 (1981).

There is an additional basis on which the trial judge's ruling may be sustained. It is not disputed that the alleged breach of the oral contract to settle the insurance claim occurred prior to the filing of the action for breach of the written insurance contract. Thus the theory advanced by the plaintiffs in the second action could have been raised in their first action because the events underlying that theory (and the alleged cause of action) occurred two and one-half years before the filing of the first suit.

Therefore, even if we were to assume that the claim based on the oral contract was new, we would still be obliged to "find that the rules against claim splitting prohibit further litigation" (*Boyd* v. *Jamaica Plain Co-op.*

*Bank*, 7 Mass. App. Ct. 153, 167 [1979]), because it has not been made to appear that the plaintiffs fall within the exceptions to that rule which are set out in Restatement (Second) of Judgments § 26.

As to the plaintiffs' argument that the judge erred in entering judgment notwithstanding the verdict, we think that the reasoning of the Federal court in the case of *First Safe Deposit Natl. Bank* v. *Western Union Tel. Co.,* 337 F.2d 743, 746 (1st Cir. 1964), fully disposes of that contention.

*Judgment affirmed.*

*Patrick Clooney* for the plaintiffs.
*Mary Holland Harvey* for the defendant.