James E. DENNIS, Appellant,

v.

**FISCAL COURT OF BULLITT COUNTY,** Kentucky, and C.F. Haley, Jr., Bullitt County Judge/Executive, Personally and in his Official Capacity, Appellees.

No. 89–CA–256–MR.

Court of Appeals of Kentucky.

Feb. 23, 1990.

Laurence J. Zielke, William H. Mooney, Louisville, for appellant.

Kenneth S. Handmaker, Louisville, for appellees.

Before HOWERTON, C.J., and GUDGEL and MILLER, JJ.

GUDGEL, Judge:

This is an appeal from a summary judgment granted by the Bullitt Circuit Court. We affirm on the ground that the action is barred by the doctrine of res judicata.

In November 1981 the newly elected Bullitt County Judge/Executive, C.F. Haley, Jr., advised appellant that he would no longer be able to work another full-time job in addition to being a Bullitt County police officer. Apparently appellant had been employed full time at General Electric since 1964 and had also been a full-time Bullitt County police officer since 1978. Because appellant had not terminated his employment at General Electric by January 4, 1982, he was not reappointed to the Bullitt County police force.

On July 7, 1983, appellant filed a 42 U.S.C. § 1983 action in federal district court against appellees. On July 30, 1986, the federal court dismissed appellant's action "with prejudice" on the ground that it was barred by limitations. The dismissal was based upon a retroactive application of *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), which held that section 1983 claims should be characterized as personal injury actions in choosing the applicable state statute of limitations.[1] Therefore, the federal court applied KRS 413.140(1)(a), Kentucky's one-year statute of limitations for personal injury actions, to appellant's claim. Since that limitations period began to run on January 4, 1982, and appellant's complaint was not filed until July 7, 1983, the court dismissed the action as being barred by limitations. No appeal was taken from the federal court's order.

On December 12, 1986, appellant filed this action in the Bullitt Circuit Court. The allegations of his complaint essentially mirrored the allegations in the complaint he filed in the federal district court action. Appellees pleaded numerous affirmative defenses including the defense of res judicata urging that appellant's claims were barred because these same claims had been dismissed by the federal district court. Pursuant to an agreed order, the discovery undertaken in the federal court action was filed in the state court action. The parties then filed cross motions for summary judgment. The court granted appellees' motion and dismissed appellant's complaint. This appeal followed.

The doctrine of res judicata, which is available to a defendant as a defense to other pending actions, has been defined as follows:

> [A]n existing final judgment rendered *upon the merits*, without fraud or collusion, by a court of competent jurisdiction, is conclusive of causes of action and of facts or issues thereby litigated, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction.

46 Am.Jur.2d *Judgments* § 394 (1969) (footnotes omitted) (emphasis added). Further, the Restatement (Second) of Judgments § 19 (1982) states that "[a] valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff *on the same claim*."[2] (Emphasis added.)

Moreover, although we have been unable to find a Kentucky case directly on point, there is ample authority for the proposition that the dismissal of a pending action based on a failure to comply with the applicable statute of limitations operates as a judgment on the merits for res judicata purposes.

*Casey*, 487 U.S. 131, 154, 108 S.Ct. 2302, 2315, 101 L.Ed.2d 123, 149 (1988).

---

1. Our court gave retroactive application to *Wilson v. Garcia* in *Frisby v. Board of Education of Boyle Co.*, Ky.App., 707 S.W.2d 359 (1986). "It has since been assumed that *Wilson v. Garcia* governs the timeliness of § 1983 suits brought in state as well as federal court." *Felder v.*

2. This general rule is subject to certain exceptions found in § 20 and § 26 of the Restatement (Second) of Judgments which do not apply to the instant action.

In *Burlew v. Fidelity & Casualty Co. of New York*, 276 Ky. 132, 122 S.W.2d 990 (1938), our highest court addressed the issue of whether a dismissal based on a limitations provision in a contract was an adjudication on the merits. The plaintiff in *Burlew* filed an action in federal court for damages as a result of the defendant's alleged breach of contract. The action was dismissed on the ground that it was barred by a one-year limitations provision in the contractor's bond. The plaintiff then filed an action in state court against the contractor and the surety to recover for the damages he had sustained. The trial court dismissed the action. Our highest court affirmed holding that the federal court judgment was a judgment "on the merits" and was therefore res judicata. *Id.* 122 S.W.2d at 993–94.

In *Cemer v. Marathon Oil Co.*, 583 F.2d 830 (6th Cir.1978), the Sixth Circuit Court of Appeals held that the doctrine of res judicata barred a second action based on an alleged breach of an employment contract after the plaintiff's first action for alleged violations of the Age Discrimination in Employment Act was dismissed as being barred by limitations. The plaintiff's first suit had been filed in federal court; the second action was filed in state court and then removed to federal court.

The decision in *Cemer* was based on Fed. R.Civ.P. 41(b) which states as follows:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.[3]

For other decisions holding that a dismissal based upon the statute of limitations operates as an adjudication on the merits *see Nilsen v. City of Moss Point, Miss.*, 701 F.2d 556 (5th Cir.1983); *Rose v. Town of Harwich*, 778 F.2d 77 (1st Cir.1985), *cert. denied* 476 U.S. 1159, 106 S.Ct. 2278, 90 L.Ed.2d 720 (1986); *Beegan v. Schmidt*, 451 A.2d 642 (Me.1982); *Fluhr v. Allstate Ins. Co.*, 15 Mass.App. 983, 447 N.E.2d 1254 (1983). *See also* Wright, Miller & Cooper, *Federal Practice and Procedure* § 4412 (1981).

The issue in the instant action therefore is whether appellant's federal and state actions are the same for res judicata purposes. The Restatement (Second) of Judgments § 24, comment a, speaks to this issue as follows:

> The present trend is to see claim in factual terms and to make it conterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff; regardless of the number of primary rights that may have been invaded; and regardless of the variations in the evidence needed to support the theories or rights. The transaction is the basis of the litigative unit or entity which may not be split.

*See also Nilsen*, 701 F.2d at 560.

Moreover, the rule against splitting causes of action recognized in the Restatement (Second) of Judgments § 24 applies "even though the plaintiff is prepared in the second action (1) To present evidence or grounds or theories of the case not presented in the first action, or (2) To seek remedies or forms of relief not demanded in the first action." Restatement (Second) of Judgments § 25.[4]

As we stated earlier in this opinion, the complaint appellant filed in federal court and the complaint he filed in state court are virtually identical, with the exception that his state court action does not rely on 42 U.S.C. § 1983.[5] Moreover, in the prelimi-

---

**3.** Kentucky's Civil Rule 41.02(3) is virtually identical to the Federal Rule.

**4.** For decisions based on the Restatement (Second) of Judgments § 25 *see Anderson v. Werner Continental Inc.*, 363 N.W.2d 332 (Minn.App. 1985); *Anderson v. Phoenix Inv. Counsel of Boston*, 387 Mass. 444, 440 N.E.2d 1164 (1982);

*Rennie v. Freeway Transport*, 294 Or. 319, 656 P.2d 919 (1983). *See also* Wright, Miller & Cooper, Federal Practice and Procedure § 4412.

**5.** An action in state court under section 1983 would not have been timely under *Frisby v.*

nary statement of his federal court complaint appellant states "[t]his action also arises out of, and jurisdiction of the court is invoked directly under, the Laws of the Commonwealth of Kentucky, and this court has pendent jurisdiction of all state claims as stated herein."

Therefore, it is abundantly clear that appellant intended to litigate all his claims, those arising under both federal as well as state law, in federal court. When the federal court dismissed his action in its entirety "with prejudice," it is assumed that the federal court exercised pendent jurisdiction over appellant's state law claims and dismissed them as well as dismissing the section 1983 claims. The federal court clearly had discretion to decline to take pendent jurisdiction of appellant's state law claims when the federal claims were dismissed as barred by limitations. However, if the court had done this, the state law claims should have been dismissed without prejudice. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726–27, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Gaff v. Federal Deposit Insurance Corp.*, 814 F.2d 311, 314–15 (6th Cir.1987); *See also* Wright, Miller & Cooper, *Federal Practice and Procedure* § 3567.1.

Appellant sought no review of the federal court's dismissal. Instead, appellant filed this action in state court based on allegations of breach of contract, violations of personnel policies and violations of due process under the laws and constitution of Kentucky. All of these allegations were also raised in the federal action.

Based on the foregoing reasons, we perceive no unfairness in concluding that appellant's present action is barred by the doctrine of res judicata.

The court's judgment is affirmed.

All concur.

*Board of Education of Boyle Co.*, Ky.App., 707 S.W.2d 359 (1986).