Toomey, J.
This is an action on a promissory note executed by defendant Robert A. Cole (“Cole”) (Count I). In addition, the plaintiffs seek equitable remedies to set aside the conveyance of an interest in real estate from Cole to his wife, Pamela G. Cole, allegedly made in an effort to defraud the plaintiffs (Count II), and to reach and apply that interest (Count III). Robert Cole and Pamela Cole now move to dismiss Counts I, II, and III, pursuant to Mass.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted.[3] For the following reasons, the defendants’ motion to dismiss is DENIED.
BACKGROUND
The following facts are contained in the plaintiffs complaint and are taken as true for the purposes of this motion:
On or about November 20, 1987, Robert Cole executed and delivered to the plaintiffs a fifty thousand dollar ($50,000) promissory note. Cole has failed to repay the plaintiffs in accordance with the terms of the note. As of the date this action was filed, Cole owes the plaintiffs in excess of $104,000.
*546 The remaining facts relate to the fraudulent conveyance counts and are as follows:
Prior to February 5, 1987, Cole owned approximately 11.5 shares of beneficial interest in the Centre Realty Trust. The Centre Realty Trust owns commercial real estate located on Main Street in Shrewsbury. Cole is the Trustee of that Trust. On or about February 5, 1987, Cole conveyed his 11.5 shares of interest to defendant Pamela Cole for little or no consideration. The conveyance of the 11.5 shares was not recorded at the Registry of Deeds until March 9, 1992.
Cole also has an equitable interest in the Turnpike Realty Trust. The Turnpike Realty Trust owns commercial real estate located at 77 Boston Turnpike in Shrewsbury. Joseph J. Cariglia (“Cariglia”) became the owner of the above property at an FDIC auction held on November 12, 1992. The auction was the result of the foreclosure of mortgages securing notes defaulted on by Route Nine Realty, Inc., as successor to Quinsigamond Plaza Trust. Both Route Nine Realty, Inc. and Quinsigamond Plaza Trust were controlled by Robert Cole. Cariglia purchased the property for and on behalf of Robert Cole.
On or about December 16, 1992, Cariglia conveyed the property located at 77 Boston Turnpike to the Turnpike Realty Trust. Defendant Cherele Gentile is the Trustee of the Turnpike Realty Trust. The Turnpike Realty Trust owns the above property at the direction and control of Robert Cole.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must take the allegations of the complaint, as well as any inferences which can be drawn from those allegations in the plaintiffs favor, as true. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The “complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A complaint is not subject to dismissal if it could support relief under any theory of law. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
A.The Statute of Limitations Argument
The defendants argue that Count II and Count III of the complaint are time-barred. In support of this argument, the defendants contend that the applicable statute of limitations is the three year period for actions in tort.[4] Defendants further argue that, even if the court applies the six year limitation period for actions in contract, Counts II and III are time-barred because the period began to run on February 5, 1987, the date on which the alleged fraudulent conveyance occurred. As this action was commenced on November 8, 1993, defendants contend that, under either period, the statute of limitations has been exceeded.
The court finds, however that Counts II and III are not time-barred. As stated, the applicable limitations period is that of the underlying claim. In this case, the underlying claim is a suit on a promissory note for which the limitations period is twenty years. G.L. c. 260, §1. As this action was commenced well within the twenty year period, the defendants’ motion to dismiss Counts II and III on the basis of statute of limitations is DENIED.[5] See Foster v. Evans, 384 Mass. 687, 697 (1981) (action to reach fraudulently conveyed property and apply it towards satisfaction of a judgment on a promissory note was subject to the twenty year statute of limitations applicable to actions on judgments); cf. Moseley v. Briggs Realty Co., 320 Mass. 278, 282 (1946) (fraudulent conveyance action based upon a tort was subject to statute of limitations for actions in tort).
B.The Vagueness Argument
The defendants also argue that Count II of the complaint should be dismissed on the grounds that the allegations of fraud are not stated with particularity, as required by Mass.R.Civ.R 9(b). The court finds, however, that the complaint states the circumstances constituting fraud with the requisite particularity. The allegations indicate that Cole conveyed his 11.5 share interest in the Centre Realty Trust to his wife, Pamela Cole, for little or no consideration; the conveyance occurred prior to Cole’s execution of the $50,000 promissory note; and the conveyance was not recorded until March 9, 1992. These allegations are sufficient to survive an assertion of imprecision. See generally Nolan, Civil Practice §253, at 300-01 (Rule 9(b) “does not require a detailed account of facts or evidentiary material, but rather a short statement of particularity regarding the averment”). That portion of the motion to dismiss which rests upon the complaint’s lack of specificity is DENIED.
C.The Res Judicata Argument.
The defendants further argue that Counts I, II, and III should be dismissed on the grounds that they are barred by the doctrine of res judicata. The defendants contend that the claims and issues relevant to this case were or should have been litigated in an action previously initiated in the Westborough District Court and involving the same parties.[6] The court finds, however, that the doctrine of res judicata does not inhibit the plaintiffs from pursuing the action at bar.
Res judicata encompasses both issue preclusion and claim preclusion, doctrines that bar the relitigation of issues and claims respectively. Bagley v. Moxley, 407 Mass. 633, 636 (1990).
Claim preclusion bars the relitigation of a claim (1) between the same parties or their privies, (2) that either was brought or should have been brought in a prior action, and (3) that grew out of the same “trans *547 action, act, or agreement” that was the subject of the first action. Heacock v. Heacock, 402 Mass. 21, 23 (1988); Fluhr v. Allstate Ins. Co., 15 Mass.App.Ct. 983, 984 (1983); Willett v. Webster, 337 Mass. 98, 102 (1958).
Under the doctrine of issue preclusion, once an issue is (1) actually litigated, and (2) necessarily decided in a final judgment between the parties, the determination of that issue is conclusive in subsequent actions between the two parties and their respective privies. See Fidler v. E.M. Parker Co., 394 Mass. 534, 539 (1985); Fireside Motors, Inc. v. Nissan Motor Corp., 395 Mass. 366, 372 (1985).
The prior Westborough District Court action involved a suit brought by the plaintiffs against Robert Cole to collect rental payments due on a lease. The parties executed an Agreement for Judgment in that case. Subsequently, the plaintiffs brought suit in the Worcester Superior Court against Cole, et al. to enforce the Agreement. The plaintiffs moved to amend their complaint to add counts to set aside fraudulent conveyances made by Cole and to reach and apply the interest held by Pamela Cole.[7] The parties thereafter executed a Stipulation of Dismissal, in which the plaintiffs dismissed all counts without prejudice.[8]
As stated, the Westborough District Court action involved a suit on a lease. The present action involves a suit on a promissory note. Therefore, the present action is not barred because the claims in this case were not brought in the prior action and arose out of a different “transaction, act or agreement.” In addition, the issues in this case were not “necessarily decided" in the district court action. Accordingly, the defendants’ motion to dismiss on the basis of res judicata is DENIED.
D. The Laches Argument
The defendants move to dismiss on the grounds of laches. Laches exists when there has been “unjustified, unreasonable, and prejudicial delay in raising a claim.” Srebnick v. Lo-Law Transit Management, Inc., 29 Mass.App.Ct. 45, 49 (1990). In the present action, the plaintiffs brought suit within two years after the due date on the promissory note; well within the applicable limitations period. The court finds that the defendants have not been subjected to unreasonable or prejudicial delay sufficient to justify dismissal of this action. The motion to dismiss by reason of laches is thus DENIED.
E. Miscellaneous Arguments.
Finally, the defendants move to dismiss on the grounds that they are not proper parties and on the basis of lack of consideration. The court finds, however, that the complaint alleges sufficient facts to withstand defendants’ motion to dismiss on those grounds, the merits of which are more appropriately determined by motion for summary judgment or by trial.
ORDER
It is therefore ORDERED that defendants’ motion to dismiss Counts I, II, and III of the complaint is DENIED.

 plaintiffs also assert a claim to reach and apply defendant Cherele Gentile’s (“Gentile”) interest in the Turnpike Realty Trust (Count IV). Gentile's motion to dismiss that count of the complaint was denied after reconsideration on February 8, 1994.

 Both parties agree that, in actions in equity, a court is to apply the statute of limitations of the underlying action. Kagan v. Levenson, 334 Mass. 100, 103 (1956).

 Court finds that, even assuming that the six year statute of limitation for actions in contract applies to this case, Counts II and III would not be time-barred because the statute of limitations did not begin to run until March 9,1992, the date on which the conveyance at issue was recorded. Though generally actions in contract accrue at the time of the breach, “if the action is based on an ‘inherently unknowable’ wrong it does not accrue until the injured party knows or in the exercise of reasonable diligence should know the factual basis for the cause of action.” Puritan Medical Center, Inc. v. Cashman, 413 Mass. 167, 175 (1992). The court finds that, until the conveyance was recorded, it was “inherently unknowable.” Accordingly, the statute was tolled until the date of recordation.

 prior action was entitled Frank Iovieno and Maraaret Iovieno, Trustees of the MFKT Real Estate Trust v. Robert A. Cole, Individually and as Trustee of the Quinsigamond Plaza Trust and Route Nine Realty, Inc., et aL

 This motion was subsequently withdrawn.

 A dismissal “without prejudice” is not considered a decision on the merits for the purposes of res judicata. See Ogens v. Northern Industrial Chemical Co., 304 Mass. 401, 402 (1939). Thus, the dismissal of the earlier Superior Court suit is of no consequence to the instant question as to the survival of this, the later Superior Court suit vis-a-vis the District Court matter.