Stephen **LEEDS, Individually and d/b/a Economy Suites Motel; Albert J. Dialto and Marjorie Dialto, Individually and d/b/a Margie's Ceramics, Appellants,**

v.

**CITY OF MULDRAUGH,**
Kentucky, Appellee.

and

**Stephen Leeds, Albert J. Dialto and Marjorie Dialto, Appellants,**

v.

**City of Muldraugh, Kentucky, Appellee.**

Nos. 2008–CA–000110–MR,
2009–CA–000427–MR.

Court of Appeals of Kentucky.

Oct. 1, 2010.

Case Ordered Published by
Court of Appeals Nov. 19, 2010.

C. Thomas Hectus, Louisville, KY, for appellants.

Greg N. Stivers, Scott D. Laufenberg, Bowling Green, KY, for appellee.

Before NICKELL, THOMPSON, and VANMETER, Judges.

## OPINION

NICKELL, Judge:

Appellants, Steven Leeds, individually and d/b/a Economy Suites Motel, and Albert J. Dialto and Marjorie Dialto, individually and d/b/a Margie's Ceramics, appeal from a summary judgment in favor of the City of Muldraugh on their claims relating to arbitrary ordinance enforcement and

utility collection. Appellants argue: (1) summary judgment was granted in error because there are genuine issues of material fact; (2) the enforcement of parking ordinances constitutes an unlawful taking; (3) *res judicata* does not bar Leeds's claims; and (4) the trial court erred by denying their motion for relief pursuant to CR 60.02. We affirm.

Leeds operates an Embassy Suites Motel in the City of Muldraugh, which is located in Meade County, Kentucky. The Dialtos operate Margie's Ceramics in Muldraugh. Appellants utilized a portion of Supplemental Road KY 868 for parking in front of their businesses. The City has owned KY 868 since 1992 by virtue of a quitclaim deed from the Commonwealth. Appellants allege that since 2003 the City has engaged in a system of arbitrary and capricious ordinance making and enforcement relating to zoning, utility collection, and parking. Specifically, they allege: (1) they acquired the right to allow parking on municipal property; (2) the City unilaterally rezoned their properties from commercial to residential; and (3) the utility collection fees are unconstitutional because they are unrelated to the usage and nature of the businesses.

Prior to the filing of the present action, Leeds and three other citizens[1] filed suit against the City in the United States District Court for the Western District of Kentucky. Leeds alleged civil rights violations under 42 U.S.C. § 1983 as well as violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968. Specifically, Leeds alleged the City violated RICO because city officials used their positions for personal benefit through the use of wire and mail fraud. Leeds also alleged civil rights violations through: (1) enforcement of ordinances in violation of his equal protection rights; (2) mismanagement of city funds in violation of state law; and (3) implementation of an unfair and unequal tax system. The district court dismissed the complaint for failure to state a claim upon which relief could be granted. *Leeds v. City of Muldraugh,* No. 3:03CV–728–H (W.D.Ky. Nov. 17, 2004). The United States Court of Appeals for the Sixth Circuit affirmed the dismissal and granted the City's motion for sanctions for taking a frivolous appeal. *Leeds v. City of Muldraugh,* 2006 WL 773033 (2006). Contemporaneous with the federal action, Leeds and three different plaintiffs filed two additional suits in the Meade Circuit Court challenging the City's occupational license fee. The court consolidated the cases and dismissed the claims. *Leeds v. City of Muldraugh,* 04–CI–00233.

Subsequently, Leeds and the Dialtos filed the present action in the Meade Circuit Court. The trial court granted summary judgment in favor of the City and dismissed Leeds's claims on the grounds of *res judicata.* Because the Dialtos were not parties to the prior actions, the trial court addressed their claims on the merits. The court granted summary judgment in favor of the City on the Dialtos' claims relating to the business license fee, city parking, rezoning, and city utilities. Following the entry of summary judgment, Leeds and the Dialtos filed a motion to hold their appeal of the summary judgment in abeyance pending the outcome of their motion to vacate the judgment pursuant to CR 60.02. The trial court denied the requested relief. Leeds and the Dialtos appealed the denial of their motion for relief pursuant to CR 60.02. This Court

---

1. Sue Cummings, Douglas Williams, and Kenneth Tolar were the other plaintiffs in the federal action. They are not parties to this appeal. The Dialtos were not parties to the federal action.

ordered that the appeal from the summary judgment and the appeal from the denial of the CR 60.02 motion would be heard together.

Appellants first argue that summary judgment was granted in error because there were genuine issues of material fact and that summary judgment was granted prematurely. We disagree.

Appellants correctly note that it is improper to grant summary judgment when there are genuine issues of material fact. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky.1991). However, Appellants do not mention, much less cite, any specific facts from the record supporting their position. "[A] party opposing a properly supported summary judgment motion cannot defeat it without presenting at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Id.* at 482.

■ Next, Appellants argue that summary judgment was granted prematurely because discovery was incomplete. A party "cannot complain of the lack of a complete factual record when it can be shown that the respondent has had an adequate opportunity to undertake discovery." *Cargill v. Greater Salem Baptist Church*, 215 S.W.3d 63, 69 (Ky.App.2006). "It is not necessary to show that the respondent has actually completed discovery, but only that respondent has had an opportunity to do so." *Hartford Ins. Group v. Citizens Fidelity Bank & Trust Co.*, 579 S.W.2d 628, 630 (Ky.App.1979) (six months between filing of complaint and granting motion for summary judgment was sufficient opportunity to complete discovery).

Appellants attribute the lengthy delay in their prosecution of this case to the failings of prior counsel. This case was filed on September 9, 2004. Appellants obtained new counsel on February 21, 2007. The trial court granted summary judgment on December 18, 2007. Thus, Appellants had three years to develop proof, and their new counsel had ten months to develop discovery before summary judgment was granted. Moreover, Appellants do not identify any specific evidence, which they sought to obtain, but simply state more discovery was required. There was no order restricting the discovery process in any way. Appellants fail to cite to the record where they requested additional time for discovery. Regardless, from our review of the record, the trial court made no ruling on any discovery issue. Without more, reversal is unwarranted.

■ Next, Appellants argue the enactment and enforcement of the City's parking ordinances constituted an unlawful taking. Appellants seem to assert a property interest in the public street outside their businesses which they used for parking. They argue they have used the street for parking without incident for over fifteen years. Appellants cite no authority in support of their position except the Eminent Domain Act of Kentucky, KRS 416.570, which sets forth the requirements for the condemnation of private property.

■ It is undisputed that the parking area in question is a public street owned by the City. "Adverse possession does not run against a city." *City of Louisville v. Louisville Scrap Material Co.*, 932 S.W.2d 352, 357 (Ky.1996). The law of prescriptive easements is derived from the law of adverse possession. *Cole v. Gilvin*, 59 S.W.3d 468, 475 (Ky.App.2001). Therefore, Appellants cannot acquire the parking area through prescriptive easement. Moreover, cities have the exclusive right to control the use of its streets, and private citizens' use of any street for parking is a privilege, not a right. *Allsmiller v. Johnson*, 309 Ky. 695, 218 S.W.2d 28, 29 (1949). In light of the foregoing, the City's enact-

ment and enforcement of the parking ordinances did not constitute an unlawful taking and the trial court's grant of summary judgment was proper.

■ Finally, Appellants argue the trial court erred by dismissing Leeds's claims on the grounds of *res judicata.* Appellants argue the federal court action did not involve the state law claims presented here and, therefore, the application of *res judicata* was inappropriate. We disagree.

In *Dennis v. Fiscal Court of Bullitt County,* 784 S.W.2d 608 (Ky.App.1990), this Court held that a federal court's dismissal of a 42 U.S.C. § 1983 action precluded a state court proceeding, which was identical to the federal action except for reliance upon 42 U.S.C. § 1983. In determining whether federal and state law claims are identical for *res judicata* purposes, this Court stated:

> The present trend is to see (sic) claim in factual terms and to make it conterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff; regardless of the number of primary rights that may have been invaded; and regardless of the variations in the evidence needed to support the theories or rights. The transaction is the basis of the litigative unit or entity which may not be split.

*Id.* at 610 (quoting Restatement (Second) of Judgments § 24, comment a). In *Dennis,* the plaintiff filed a § 1983 action in federal court asserting violations of his civil rights. *Id.* at 609. The federal court dismissed the complaint finding it was barred by limitations. *Id.* The plaintiff subsequently filed a state court action, which mirrored his federal claims. *Id.* This Court further stated:

> [I]t is abundantly clear that appellant intended to litigate all his claims, those

arising under both federal as well as state law, in 'federal court. When the federal court dismissed his action in its entirety "with prejudice," it is assumed that the federal court exercised pendent jurisdiction over appellant's state law claims and dismissed them as well as dismissing the section 1983 claims.

*Id.* at 611. In reaching a similar conclusion in *Yeoman v. Com., Health Policy Bd.,* 983 S.W.2d 459, 464–65 (Ky.1998), the Supreme Court of Kentucky explained:

> The rule of res judicata is an affirmative defense which operates to bar repetitious suits involving the same cause of action. The doctrine of res judicata is formed by two subparts: 1) claim preclusion and 2) issue preclusion. Claim preclusion bars a party from re-litigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action. Issue preclusion bars the parties from relitigating any issue actually litigated and finally decided in an earlier action. The issues in the former and latter actions must be identical. The key inquiry in deciding whether the lawsuits concern the same controversy is whether they both arise from the same transactional nucleus of facts. *If the two suits concern the same controversy, then the previous suit is deemed to have adjudicated every matter which was or could have been brought in support of the cause of action.*

(Emphasis added)(internal citations omitted).

As pertains to the present case, Leeds's federal suit contained several state law claims against the City. The district court stated "[m]any of Plaintiffs' § 1983 claims suggest that Defendants have failed to comply with various state statutes or obligations ... Other of the § 1983 claims appear to assert state claims through the

Fourteenth Amendment." *Leeds v. City of Muldraugh*, No. 3:03CV–728–H, slip op. at 8 (W.D.Ky. Nov. 17, 2004). As stated above, the district court dismissed Leeds's complaint with prejudice in its entirety. The Court of Appeals for the Sixth Circuit affirmed the dismissal. Therefore, to the extent any of Leeds's § 1983 claims were repackaged as state law claims in the present case, they are precluded by *res judicata. Dennis, supra.*

Leeds also argues some of his claims were not available to pursue at the time of the federal suit. However, even if Leeds's argument is true, the trial court found that these claims were available to pursue in his previous state court action in which he attacked the constitutionality of the City's business and occupational tax system. Leeds has not challenged this finding on appeal. Pursuant to *Yeoman*, the previous suit is determinative of every issue which was or could have been adjudicated. Therefore, the trial court did not err in dismissing Leeds's claims on the grounds of *res judicata.*

■ Finally, Appellants argue the trial court erred by denying their motion for a new trial. Appellants argue newly discovered evidence entitles them to a new trial. We disagree.

Appellants filed a motion for relief pursuant to CR 60.02 alleging they discovered new evidence demonstrating that the City did not actually own the property at issue. The trial court held an evidentiary hearing. Appellants presented a 1939 deed, a 1989 deed, an order from the Transportation Cabinet, and a survey, completed in 2008 at their behest, in support of their motion. Following the hearing, the trial court found the Appellants failed to exercise due diligence to discover the newly submitted evidence because it was based upon public records.

Whether to grant a CR 60.02 motion is left to the sound discretion of the trial court. *Bethlehem Minerals Co. v. Church and Mullins Corp.*, 887 S.W.2d 327, 329 (Ky.1994). CR 60.02 states:

> On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds (...b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02[.]

In *Nelson v. Gregory*, 262 Ky. 740, 91 S.W.2d 29, 31 (1936), the former Court of Appeals affirmed the denial of a motion for a new trial where the newly discovered evidence consisted of documents in the public record. The Court stated:

> [F]acts are not alleged showing that proper diligence was exercised to discover the evidence before the trial. It was discovered after the trial by examining a public record, and an exercise of reasonable diligence before the trial would have led to its discovery then.

*Id.*

■ The documents relied upon by Appellants were in the public record and could have been located by an exercise of reasonable diligence. Under *Nelson*, we cannot conclude that the trial court abused its discretion. Additionally, the 2008 survey does not provide any basis for relief because " 'newly discovered evidence' is limited to evidence in existence at the time of trial and does not extend to evidence arising after trial." *Alliant Hosps., Inc. v. Benham*, 105 S.W.3d 473, 478–79 (Ky.App. 2003). Based on the foregoing, the trial court did not abuse its discretion.

Accordingly, the judgment of the Meade Circuit Court is affirmed.

ALL CONCUR.