**AFFIRMED; Opinion Filed July 30, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00369-CV

## MENEESE WALL, Appellant
## V.
## PHILLIP M. ORR, JR., TRUSTEE OF THE ORR FAMILY TRUST, Appellee

On Appeal from the 366th Judicial District Court
Collin County, Texas
Trial Court Cause No. 366-03307-2010

### MEMORANDUM OPINION
Before Justices Moseley, Bridges, and Lang-Miers
Opinion by Justice Moseley

This is an appeal from a summary judgment granted on the grounds of res judicata or collateral estoppel. Maneese Wall sued Phillip M. Orr, Jr., as Trustee of the Orr Family Trust for debt and breach of fiduciary duty alleging Orr did not pay her a distribution in the same manner as paid to other contingent beneficiaries. Orr's answer, among other things, raised the defenses of res judicata and collateral estoppel based on a Kentucky judgment confirming an arbitration award arising from a prior settlement agreement. Orr filed a traditional motion for summary judgment based on these affirmative defenses. The trial court granted the motion and rendered summary judgment that Wall take nothing on her lawsuit. This appeal followed.

In two issues on appeal, Wall contends the trial court erred by granting summary judgment because there are genuine issues of material fact and Orr did not conclusively prove all

elements of his affirmative defenses. We discuss both issues together. The background of the case and the evidence adduced in the trial court are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

## BACKGROUND

In 2005, Wall and Orr, along with several of their family members, were parties to a mediation of at least four lawsuits pending in Kentucky. That mediation resulted in a mediation memorandum signed by or on behalf of Wall, Orr, and the other parties. The mediation memorandum provided for binding arbitration of any dispute arising out of the agreement.

In December 2005, another lawsuit was filed in Kentucky (the 2005 Kentucky suit) seeking to set aside a prior partial summary judgment on equitable grounds. A week later, the parties, including Wall and Orr, signed a contractual, agreed order incorporating and accepting the mediation memorandum as the settlement agreement of the parties.[1] The agreed order named an arbitrator to arbitrate "disputes or other issues mentioned [in] said memorandum" and authorized the court to appoint arbitrators if the named arbitrator was unable to serve and the parties could not agree on an arbitrator.

Several disputes arose between the family members and in 2006, the Kentucky trial court appointed a panel of arbitrators to resolve the disputes pursuant to the agreement in the mediation memorandum and the agreed order. Both Wall and Orr were parties to and participated in the arbitration proceeding. The arbitration proceeding resulted in a number of confidential orders. On July 24, 2007, the arbitrators issued their thirteenth order. Among other things, this order considered and denied Wall's motion that Orr and the other petitioners in the

---

[1] The caption of the agreed order lists three of the pending Kentucky lawsuits, but not the 2005 Kentucky suit.

arbitration be required to distribute to her $63,780.52[2] in proceeds from the sale of certain property (parcel A and B described in sections 4 and 16 of the mediation memorandum). The arbitrators also considered and granted Orr's counter-motion to permit him to tender a cashier's check payable to Wall in that amount to the arbitrators until Wall complied with the arbitrators' prior order that she execute a mutual release. The arbitrators ruled that Orr's tender of the certified check to them was sufficient under the circumstances to meet his obligation under a previous order of the arbitrators to pay the sum to Wall. Orr tendered to the arbitrators the cashier's check payable to Wall in July 2007.

Following a two day evidentiary hearing in October of 2007, on February 29, 2008 the arbitrators issued their twenty-eighth order as their final award.

Orr and the other petitioners filed suit in Kentucky to confirm the second through twenty-eighth orders of arbitrators as the arbitration award. Wall was a party to this suit. While this Kentucky confirmation suit was pending, Orr as trustee distributed to the other beneficiaries of the trust their share of the proceeds for the partitioned property and filed tax forms for the distributions. Orr had previously tendered Wall's distribution to the arbitrators pursuant to the thirteenth order of arbitrators. On April 9, 2008, Orr sent Wall a letter explaining the distribution and enclosing her tax-form K-1.

In January of 2009, while the Kentucky confirmation suit was pending, Wall filed in the 2005 Kentucky suit a motion demanding payment of $63,780.52. She claimed Orr had distributed this amount to the other beneficiaries but withheld it from her based on invalid orders of the trial court and the arbitrators, and that he had issued a false form K-1 to her. (Wall admits in her affidavit the 2005 lawsuit was referred to arbitration.) In its February 19, 2010 order

---

[2] This sum represents Wall's share of proceeds from the sale of land that passed into the Orr Family Trust as a result of a partition suit in Kentucky. The partition suit was one of the suits included in the 2005 mediation that resulted in the mediation memorandum. According to Wall, the partition suit was not referred to arbitration.

denying the motion, the Kentucky trial court stated that "resolution of any disputes concerning the Mediation Memorandum (adopted by the agreement) shall be made exclusively through arbitration."

Wall filed the present suit in Collin County on August 11, 2010, while the Kentucky confirmation suit was still pending. Wall alleged a claim for debt in the amount of $63,780.52 and a claim for breach of fiduciary duty arising out of Orr's distribution of that amount to the other beneficiaries of the trust and his issuing a form K-1 to Wall for payment of that amount in 2007.

Back in Kentucky, the suit for confirmation of the arbitration award proceeded. A hearing was held in March of 2011 and on April 6, 2011, the Kentucky trial court signed an order and judgment confirming, among others, the thirteenth and twenty-eighth orders of arbitrators as the arbitration award. The order and judgment also denied Wall's request to vacate portions of the arbitrators' orders and stated it was a final and appealable judgment. The Kentucky court later denied Wall's post-judgment motions challenging the judgment.

After the Kentucky court confirmed the arbitration award, Orr filed his motion for summary judgment in the Collin County suit. Wall filed a response, attaching her affidavit and several exhibits. The trial court granted the motion and Wall's motion for new trial was denied by operation of law. This appeal followed.

### STANDARD OF REVIEW

We review the trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). We apply the well-established standards for reviewing summary judgments. *See* TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). A motion for summary judgment on traditional grounds must show there is no genuine issue as to a specified material fact and that, therefore, the moving

party is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). Thus, for a defendant to prevail on a traditional motion for summary judgment, he must either disprove at least one element of the plaintiff's claim as a matter of law, or conclusively establish all elements of an affirmative defense. *Friendswood Dev. Co. v. McDade + Co.*, 926 S.W.2d 280, 282 (Tex. 1996); *Kalyanaram v. Univ. of Tex. Sys.*, 230 S.W.3d 921, 925 (Tex. App.—Dallas 2007, pet. denied). If the movant meets its burden, then and only then must the non-movant party respond and present evidence raising a fact issue as to the material facts in question. *See Rhone–Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222–23 (Tex. 1999).

## APPLICABLE LAW

We first determine the preclusive effect of the Kentucky judgment confirming the arbitration award according to Kentucky law. *See Purcell v. Bellinger*, 940 S.W.2d 599, 601 (Tex. 1997) (per curiam) (applying New York law to determine preclusive effect of New York judgment in Texas proceeding).

Under Kentucky law, res judicata is an affirmative defense which operates to bar repetitious suits involving the same cause of action. *Yeoman v. Commonwealth Health Policy Bd.*, 983 S.W.2d 459, 464–65 (Ky. 1998). The doctrine of res judicata is formed by two subparts: (1) claim preclusion and (2) issue preclusion. *Id.* Claim preclusion bars a party from re-litigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action. *Id.* Issue preclusion bars the parties from re-litigating any issue actually litigated and finally decided in an earlier action. *Id.*

Claim preclusion requires an identity of parties, identity of causes of action, and a resolution on the merits. *Coomer v. CSX Transp., Inc.*, 319 S.W.3d 266, 271 (Ky. 2010). The key inquiry in deciding whether the lawsuits concern the same controversy is whether they both arise from the same transactional nucleus of facts. *Yeoman*, 983 S.W.2d at 465. If the two suits

concern the same controversy, then the previous suit is deemed to have adjudicated every matter which was or could have been brought in support of the cause of action. *Id.* In determining whether there is identity of the causes of action, Kentucky courts apply the "transactional" approach from the RESTATEMENT (SECOND) OF JUDGMENTS § 24. *Coomer*, 319 S.W.3d at 372 n.14.

The transactional approach looks beyond the legal theories asserted and analyzes the claim in factual terms "to make it coterminous with the transaction regardless of the number of substantive theories, or variant forms of relief flowing from these theories, that may be available to the plaintiff." *Dennis v. Fiscal Court of Bullitt Cty.*, 784 S.W.2d 608, 610 (Ky. App. 1990) (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 24 cmt. a).

## DISCUSSION

We begin with claim preclusion. The identity of the parties and decision on the merits elements are not strongly contested in the case. The summary judgment evidence establishes Wall and Orr were both parties to the mediation memorandum, the agreed order, and the arbitration proceedings. Wall states in her brief there was no determination on the merits, but her argument is merely a restatement of her primary contention that the causes of action in Texas are not identical to the causes of action decided in the arbitration proceeding. The summary judgment evidence establishes that the arbitration proceeding was decided on the merits of the claims presented and the arbitration award and orders were confirmed by the Kentucky trial court. We conclude these two elements were established by the motion for summary judgment.[3]

---

[3] In parts of her appellate brief, Wall appears to argue the Kentucky order and judgment confirming the arbitration award is not final because an appeal is pending in Kentucky. She cites no authority that under Kentucky law a judgment is not final for purposes of claim preclusion while it is on appeal. The general rule, and the rule followed in Texas, is that a judgment is final for purposes of claim preclusion despite a pending appeal. *See Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986) (adopting RESTATEMENT (SECOND) OF JUDGMENTS § 13 cmt. f (1982)). We have found no Kentucky case on point, but it appears Kentucky follows the restatement on res judicata issues. *See Coomer*, 319 S.W.3d at 371. Further, absent evidence to the contrary we presume Kentucky law is the same as Texas on this point. *See Keene Corp. v. Gardner*, 837 S.W.2d 224, 227 (Tex. App.—Dallas

We turn to the primary contention in this appeal—identity of the causes of action. Wall alleged in her Texas lawsuit that Orr as trustee was indebted to her in the amount of $63,780.52 and that he breached his fiduciary duty by (1) not treating her fairly in relation to the other beneficiaries; (2) declaring and paying a distribution to the other beneficiaries to the exclusion of Wall; (3) misrepresenting to Wall that the $63,780.52 had been paid to her when it had not; and (4) representing to the IRS that the payment had been made, subjecting Wall to capital gains taxes.

Wall's summary judgment affidavit elaborates on the basis of her claims. Wall discusses Orr's motion to tender the cashier's check to the arbitrators, stating that she refused to sign the mutual release because the earlier lawsuits were the subject of pending appeals in Kentucky. She then states: "I claimed the sum of $63,780.52 in damages at the Arbitration because the Arbitrators ruled that I was not entitled to receive these funds unless I signed a release of my claims involving the Mays' [her grandparents] trusts." She says she learned Orr had distributed to the other beneficiaries their share of the proceeds of the sale of the partition property when he sent her the April 9, 2008 letter and form K-1. She said that the distribution to the other beneficiaries but not to her unless she signed the release was a breach of fiduciary duty.

The transactional nucleus of facts that forms the basis of Wall's claims in Texas are her entitlement to an immediate distribution of the proceeds of the partition property and her obligation to execute a mutual release under the terms of the mediation memorandum. These matters were the subject of the mediation memorandum, which contained the agreement to arbitrate. And they were litigated in the arbitration; specifically, in their thirteenth order, the arbitrators considered and rejected Wall's claim for payment of the $63,780.52, granted Orr's

---

1992, writ denied). The Kentucky court's order and judgment states it is a final and appealable judgment. Accordingly, we reject Wall's argument that the judgment is not final.

counter-motion, and held that Orr's obligation to pay Wall that amount was met by his tendering to the arbitrators the cashier's check. The Kentucky trial court later confirmed that order and the final award of the arbitrators.

Wall contends the breach of fiduciary duty arose after the arbitration when Orr distributed funds to the other beneficiaries but not to her unless she signed the release. However, as she states in her affidavit, *the arbitrators had already ruled she was not entitled to receive these funds unless she signed the release*. Thus her claims in Texas arise out of the same transactional nucleus of facts as the arbitration proceeding.

Wall also argues the causes of action are not identical because her claims about the distribution of the $63,780.52 were not ripe when the original Kentucky declaratory judgment suit was filed in 2002. This argument ignores, however, the subsequent events including the mediation memorandum, the agreed order, (both containing an agreement to arbitrate), the arbitration proceeding and orders, and the resulting judgment confirming the arbitration award. The nucleus of facts giving rise to her claims arose in the mediation memorandum and during the arbitration proceeding. The judgment confirming that arbitration award is the subject of Orr's claim preclusion defense. And by her own admission, Wall knew the basis of her claims while the confirmation proceeding was still pending in Kentucky. Thus, to the extent her claims had not already been presented to the arbitrators, they could have been presented to the Kentucky trial court during the confirmation lawsuit.

The summary judgment record is clear that Wall's claims in the present litigation arise out of the same transactional nucleus of facts—the mediation memorandum and agreed order— as the arbitration proceeding. Once we look beyond Wall's legal theories of debt and breach of fiduciary duty, we find the factual bases of her claims are coterminous with the mediation memorandum, the agreed order, and the Kentucky arbitration and confirmation proceedings. *See*

*Dennis*, 784 S.W.2d at 610. We conclude the summary judgment evidence establishes the identity of causes of action element of claim preclusion. We overrule both of Wall's issues.

### CONCLUSION

The summary judgment evidence establishes there is no genuine issue of material fact and Orr is entitled to judgment as a matter of law on his affirmative defense of claim preclusion.[4] Accordingly, the trial court did not err by granting Orr's motion for summary judgment. We affirm the trial court's judgment.

120369F.P05

/Jim Moseley/
JIM MOSELEY
JUSTICE

---

[4] Because summary judgment was proper on the ground of claim preclusion, we need not address whether it was proper on the ground of issue preclusion. *See* TEX. R. APP. P. 47.1.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MENEESE WALL, Appellant

No. 05-12-00369-CV  V.

PHILLIP M. ORR, JR., TRUSTEE OF THE
ORR FAMILY TRUST, Appellee

On Appeal from the 366th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 366-03307-2010.
Opinion delivered by Justice Moseley.
Justices Bridges and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee PHILLIP M. ORR, JR., TRUSTEE OF THE ORR
FAMILY TRUST recover his costs of this appeal from appellant MENEESE WALL.


Judgment entered this 30th day of July, 2013.


/Jim Moseley/
JIM MOSELEY
JUSTICE

–10–